IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LBS INNOVATIONS LLC, | § § | |
| Plaintiff, | § § § | Civil Action No. 2:11-cv-00142-DF |
| v. | § § | |
| AARON BROTHERS, INC., et al., | § § | |
| Defendants. | § § | |

**WHOLE FOODS MARKET, INC.'S
ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM TO PAINTIFF'S COMPLAINT**

Defendant Whole Foods Market, Inc. ("Whole Foods"), by its undersigned counsel, hereby files its answer, affirmative defenses and counterclaim to the Complaint filed by Plaintiff LBS Innovations LLC ("Plaintiff"). In support of its answer, affirmative defenses and counterclaim, Whole Foods states as follows:

**PARTIES**

1. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies the same.

2. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore denies the same.

3. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore denies the same.

4. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and therefore denies the same.

5. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and therefore denies the same.

6. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and therefore denies the same.

7. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and therefore denies the same.

8. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore denies the same.

9. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies the same.

10. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies the same.

DMSLIBRARY01-16581537.2

11. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies the same.

12. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore denies the same.

13. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies the same.

14. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies the same.

15. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies the same.

16. Whole Foods admits that it is a corporation organized and existing under the laws of the State of Texas and that its principal place of business is located at 550 Bowie Street, Austin, Texas 78703-4694, but denies the remaining averments in paragraph 16 of the Complaint.

## JURISDICTION AND VENUE

17. Whole Foods admits that Plaintiff has filed an action for patent infringement under the patent laws of the United States of America, Title 35, United States Code. Whole Foods denies that this action has any legal merit as it relates to Whole Foods.

18. Whole Foods admits that this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies that this action has any legal merit.

19. Whole Foods does not have knowledge or information sufficient to admit or deny the allegations in paragraph 19 as they relate to other Defendants and therefore denies them. Whole Foods admits that it has designated an agent for service of process in the State of Texas and is subject to the Court's jurisdiction but denies that it has committed acts of infringement in the State of Texas.

20. Whole Foods does not have knowledge or information sufficient to admit or deny the allegations in paragraph 20 as they relate to other Defendants and therefore denies them. Whole Foods admits that venue is proper but denies that it has committed and/or induced acts of patent infringement in this district.

## THE PATENT-IN-SUIT

21. Whole Foods admits that a copy of United States Patent No. 6,091,956 (the "'956 patent"), entitled "Situation Information System," which states on its face that it was issued on July 18, 2000, is attached as Exhibit A to the Complaint.

22. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and therefore denies the same.

## CLAIM 1 – INFRINGEMENT OF U.S. PATENT NO. 6,091,956

23. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and therefore denies the same.

24. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and therefore denies the same.

25. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and therefore denies the same.

26. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and therefore denies the same.

27. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and therefore denies the same.

28. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and therefore denies the same.

29. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and therefore denies the same.

30. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and therefore denies the same.

DMSLIBRARY01-16581537.2

31. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and therefore denies the same.

32. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and therefore denies the same.

33. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and therefore denies the same.

34. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, and therefore denies the same.

35. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and therefore denies the same.

36. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, and therefore denies the same.

37. Whole Foods denies each and every allegation contained in paragraph 37 of the Complaint.

38. Whole Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint as they relate to the other

DMSLIBRARY01-16581537.2

Defendants, and therefore denies them. Whole Foods denies the allegations contained in paragraph 38 of the Complaint as they relate to Whole Foods.

39. Whole Foods denies each and every allegation contained in paragraph 39.

40. Whole Foods denies that this case presents exceptional circumstances with the meaning of 35 U.S.C. § 285 as it relates to Plaintiff, and denies that Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## AFFIRMATIVE DEFENSES

41. Whole Foods asserts the following affirmative defenses and other defenses, and reserves the right to amend its answer as additional information becomes available and additional defenses become apparent.

### First Defense (No Infringement)

42. Whole Foods does not infringe and has not infringed, either directly, contributorily, by inducement, separately or jointly, or otherwise, any valid claim of the '956 patent, either literally or under the doctrine of equivalents.

### Second Defense (Invalidity)

43. On information and belief, the claims of the '956 patent are invalid for failure to comply with one or more provision of the patent laws of the United States of America, Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

### Third Defense (Limitations on Damages)

44. Plaintiff's recovery for alleged infringement of the '956 patent, if any, is limited by 35 U.S.C. § 286 and/or 287.

### Fourth Defense (Waiver and/or Equitable Estoppel)

45. Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or equitable estoppel.

### Fifth Defense (Laches)

46. Plaintiff's claims for damages derived from the '956 patent are barred, in whole or in part, by the doctrine of laches.

### Sixth Defense (Failure to State a Claim)

47. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Whole Foods.

### Seventh Defense (Adequate Remedy at Law)

48. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

### Eighth Defense (No Exceptional Case)

49. Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Whole Foods, pursuant to 35 U.S.C. § 285.

### Ninth Defense (Substantial Non-Infringing Use)

50. The accused Whole Foods websites have substantial non-infringing uses and therefore cannot contribute to infringement of any valid claims of the '956 patent.

### RESPONSE TO PLAINTIFF'S REQUESTED RELIEF

Whole Foods denies that Plaintiff is entitled to any relief.

WHEREFORE, Defendant Whole Foods Market, Inc. respectfully requests that judgment be entered in its favor and against Plaintiff, LBS Innovations LLC, as follows:

1. denying that Whole Foods has infringed the patent-in-suit;

DMSLIBRARY01-16581537.2

2. denying Plaintiff's request for damages from Whole Foods;

3. denying Plaintiff's request for pre-judgment and post-judgment interest on any damages awarded to it against Whole Foods, in this action;

4. denying Plaintiff's request that the Court declare this an exceptional case and that Plaintiff be granted reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

5. denying Plaintiff's request for costs;

6. declaring this case exceptional and awarding Whole Foods its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285;

7. dismissing Plaintiff's Complaint with prejudice in all respects; and

8. awarding Whole Foods such other relief as this Court may deem proper and just.

## WHOLE FOODS MARKET, INC.'S COUNTERCLAIMS

## THE PARTIES

1. Counterclaimant Whole Foods Market, Inc. ("Whole Foods") is a corporation organized under the laws of Texas, and has its principal place of business located at 550 Bowie Street, Austin, Texas 78703-4694.

2. On information and belief, Counterclaim Defendant, LBS Innovations Inc. ("Plaintiff") is a New Jersey limited liability company with its principal place of business at 53 Ramapo Mountain Drive, Wanaque, New Jersey 07465.

## JURISDICTION AND VENUE

3. Whole Foods' counterclaims include claims for declaratory judgment of noninfringement, invalidity, and no willful infringement. Jurisdiction is proper under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. § 100 et. seq., as well as 28 U.S.C. §§ 1331 and 1338.

4. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**FACTS**

5. On or about March 4, 2011, Plaintiff filed its Complaint ("the Complaint") in the United States District Court for the Eastern District of Texas, alleging that Whole Foods has infringed U.S. Patent No. 6,091,956 ("the '956 patent").

6. Based upon the filing of this Complaint and the allegations contained therein, there exists an actual and justiciable controversy between Whole Foods and Plaintiff relating to at least Whole Foods' alleged infringement of the '956 patent, and the validity of the '956 patent. Thus, Whole Foods requests a declaration from the Court in its favor with respect to the Counts listed below.

7. Whole Foods reserves the right to amend the currently pled counterclaims or to add additional counterclaims as they become apparent in the course of this action.

**COUNT 1 - DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

8. Whole Foods reasserts all the facts and allegations contained in paragraphs 1 - 7 of its Counterclaim.

9. Whole Foods does not infringe and has not infringed, either directly, indirectly, alone or jointly, or otherwise, any valid claim of the '956 patent, either literally or under the doctrine of equivalents.

**COUNT 2 - DECLARATORY JUDGMENT OF INVALIDITY**

10. Whole Foods reasserts all the facts and allegations contained in paragraphs 1 through 9 of its Counterclaim.

11. On information and belief, the claims of the '956 patent are invalid for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

## WHOLE FOODS MARKET, INC.'S PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiff, Whole Foods Market, Inc., respectfully prays that judgment be entered in its favor and against Counterclaim-Defendant, LBS Innovations LLC, as follows:

A. that Plaintiff's Complaint against Whole Foods be dismissed with prejudice and that a take nothing judgment be entered against Plaintiff and in favor of Whole Foods;

B. that judgment be entered in Whole Foods' favor that it has not and does infringe any claim of the '956 patent;

C. that judgment be entered in Whole Foods' favor that each and every claim of the '956 patent is invalid;

D. that judgment be entered in Whole Foods' favor that this case is exceptional and awarding Whole Foods its attorneys' fees and costs under 35 U.S.C. § 285; and

E. that Whole Foods be awarded any other relief as the Court deems just and proper.

Dated:  May 27, 2011.

> Respectfully submitted,
>
> KING & SPALDING LLP
>
> By: /s/ Brad Thompson
> R. William Beard, Jr.
> Texas State Bar No. 00793318
> Brad Thompson
> Texas State Bar No. 24046968
> 401 Congress Avenue, Suite 3200
> Austin, Texas 78701
> (512) 457-2000
> (512) 457-2100 (fax)
> Email:  wbeard@kslaw.com
> Email:  bthompson@kslaw.com
>
> *Attorneys for Whole Foods Market, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 27th day of May, 2011.

> /s/ Brad Thompson
> Brad Thompson