# EXHIBIT 1



Eric W. Buether
Eric.Buether@BJCIPLaw.com

214.466.1271/Direct Dial
214.635.1827/Direct Fax

June 4, 2012

The Honorable Michael H. Schneider
U.S. District Court for the Eastern District of Texas
221 West Ferguson, Number 100
Tyler, TX  75702

    Re:    *LBSI Innovations LLC v. Aaron Brothers Inc., et al.*;
               Civil Action No. 2:11-cv-00142-MHS-CMC
               U.S. District Court, Eastern District of Texas, Marshall Division

Dear Judge Schneider:

Defendant Rug Doctor, Inc. ("Rug Doctor") has filed a letter brief requesting leave to file a motion for summary judgment of noninfringement of Claim 11 of U.S. Patent No. 6,091,956 ("the `956 Patent").  For the reasons explained below, the request should be denied.

### 1. The Court's Construction of the Term "Timely Situation Information" Does not Preclude Infringement as a Matter of Law

Defendant Rug Doctor argues that it (and other Defendants) should be permitted to file a motion for summary judgment of noninfringement at this time because the Court's construction of the term "timely situation information" precludes infringement by it as a matter of law.  Rug Doctor's own letter brief, however, identifies the "timely situation information" available from its website and the websites of other Defendants, making a motion for summary judgment of noninfringement at this time inappropriate.  Furthermore, other information presently available shows that Defendants provide other "timely situation information" on their websites.  At a minimum, the present record, which is not close to being complete because fact discovery is still in its early stages, reflects that there is a genuine issue of material fact regarding whether "timely situation information" is available from the Rug Doctor website and the websites of other Defendants.

Judge Folsom construed the term "timely situation information" to mean "timely information about an event, or condition, occurring or about to occur at a place."  Claim

The Honorable Michael H. Schneider
June 4, 2012
Page 2

Construction Order at 19.  Judge Folsom rejected the Defendants' proposed construction of this term to require the information to be "time critical."  Claim Construction Order at 15, 17, and 19.  Rug Doctor incorrectly asserts that "there must be both location and event information [displayed] to constitute "situation information."  Rug Doctor Letter Brief at 2.  As discussed above, however, Judge Folsom construed "timely situation information" to mean "timely information about an event, or condition, occurring or about to occur at a place."  Thus, information about (1) an event, or (2) a condition, either of which is occurring or about to incur at a place, satisfies the "timely situation information" element.

Rug Doctor makes available to visitors to its website information about "places" – for example, the addresses and phone number of a place where Rug Doctor products are available, and a "condition" that is "occurring or about to occur" at that place – for example, the distance from the Rug Doctor location to the user's location search criteria (variable information that depends on the user's search criteria), and the type of store that Rug Doctor products may be found in (e.g., "Kroger," a grocery store versus "Lakewood Ace Hardware," a hardware store).  The ability to receive specific directions to a particular store and the proximity of other nearby stores to any given store is also provided.  The Rug Doctor website also provides not only a Rug Doctor location's current address, but also the exact location of the place and its relationship to other geographical objects.  The following is an example of such information made available through the Rug Doctor website:



Rug Doctor's letter brief also mentions that some Defendants provide information through their websites regarding the hours of operation at their stores or business locations.  Rug Doctor Letter Brief at 1.  The time at which a store or place of business is open or closed, or is about to open or close, is information about a **condition** at such a place "**occurring or about to occur**" at the place – specifically whether the place is open

The Honorable Michael H. Schneider
June 4, 2012
Page 3

or closed, or about to open or close. This is also information which a website visitor can effectively use or act upon at the time it is provided. This information, therefore, is "timely situation information." Similarly, the current distance to the place from the user's location search criteria is information about a condition occurring or about to occur at the place – that place's distance at the present time from the location specified by the website visitor.

Rug Doctor contends that the information available from its website is not "timely situation information" because its website provides "static information" about its business locations. Rug Doctor Letter Brief at 2. There are two fundamental flaws with this argument. First, Judge Folsom's claim construction does not require the information displayed to be dynamically generated at the time of a website visitor's request for the information, or otherwise preclude "static" information from satisfying the "timely situation information" element. Also, there is nothing in the claim language, specification or prosecution history suggesting that the invention described in Claim 11 cannot apply to "static" information. Thus, for purposes of infringement, it does not matter if the information made available on Rug Doctor's website is "static" information. Second, the information available from the Rug Doctor website regarding the current distance to the place from the location input by the user is not "static" information. It is dynamically generated at the time the website visitor inputs his or her location information.

Finally, discovery in this action is not yet complete. LBSI is in the process of seeking discovery regarding all of the situation information provided by the Defendants in this case, to prove that each Defendant has provided timely situation information as the Court has construed this term. Thus, it is premature to entertain a "no evidence" motion for summary judgment at this time.

## 2. The Court's Construction of the Term "Said Computer" Does not Preclude Infringement as a Matter of Law

Rug Doctor also incorrectly contends that the Court's construction of "said computer" precludes infringement by it as a matter of law.

Judge Folsom construed the term "said computer" appearing in each step of the claim to mean "the same computer that performs the other steps recited in the claim." Claim Construction Order at 14.[1] In view of Judge Folsom's claim construction rulings, LBSI served amended infringement contentions.

---

[1] Rug Doctor's letter brief wrongly asserts that the Court found the "making apparent" language in the preamble to be a claim limitation. The Court expressly rejected this contention by the Defendants. See Claim Construction Order at 6-10.

The Honorable Michael H. Schneider
June 4, 2012
Page 4

      One of LBSI's infringement theories asserted in its amended infringement contentions is that Rug Doctor directly infringes Claim 11 of the `956 Patent by testing its accused website features. In this context, Rug Doctor is the "user" and direct infringer of the claimed method. These contentions satisfy the Court's "same computer" construction because they allege that each Defendant performs all of the steps of the method claimed in Claim 11 using the same computer, including displaying timely situation information.

      Rug Doctor acknowledges that LBSI has asserted this direct infringement theory against it. Rug Doctor Letter Brief at 2. Significantly, Rug Doctor does not contend that its internal testing of its website cannot satisfy the "said computer" limitation as a matter of law. Instead, Rug Doctor merely makes the conclusory assertion that "there is no factual basis whatsoever for Plaintiff's new allegations." Letter Brief at 2. Tellingly, Rug Doctor does not deny that it conducts "internal testing" of its website, including the features LBSI accuses of infringement. It is implausible that it has not conducted such testing. *See Eolas Technologies, Inc. v. Adobe Systems, Inc.*, Civil Action No. 6:09-cv-00446-LED at 6 (E.D. Tex. Jan. 25, 2012) (Judge Davis) ("website testing is an important component of the process for hosting a website.") At most, Rug Doctor's contention that there is "no evidence" of its internal testing of the accused features merely reflects a genuine dispute of material fact. Rug Doctor does not present any explanation indicating that there cannot be a genuine issue of material fact about this infringement issue.

      Given that LBSI is in the process of obtaining discovery from Rug Doctor and other Defendants regarding their internal testing of the accused features of their websites, it is premature to entertain a "no evidence" motion for summary judgment at this time, such as the motion proposed by Rug Doctor. Instead, Rug Doctor should seek permission to file such a motion near the end of the fact discovery period – if it believes it has a good faith basis to do so.

      In addition, Rug Doctor's letter brief completely ignores LBSI's infringement contentions asserting that Rug Doctor and other Defendants indirectly infringe Claim 11 of the `956 Patent. After Judge Folsom's claim construction rulings, LBSI served amended infringement contentions alleging that Rug Doctor indirectly infringes Claim 11 by inducing web site visitors to infringe the claim directly. For example, LBSI contends that the Defendants indirectly infringe Claim 11 by inducing visitors to their store or business locator to perform each step of the method as claimed via the user's browser. Specifically, the browser on the user's computer communicatively executes one or more transmittable mappable hypertext items in a manner scalably representing interrelationships of objects. When an end user's browser receives computer code such as an HTML document from a Defendant's server containing, for example, the JavaScript and HTML code for the store or business locator, the browser parses and executes code that enables it to search each of one or more unique mappable information code sequences for a field containing geographical coordinates, such as latitude and longitude information associated with a Defendant's location. The browser on the user's computer

The Honorable Michael H. Schneider
June 4, 2012
Page 5

converts each geographical coordinate searched and identified to an appropriately proportionate representation on the user's computer. The browser then causes the mappable hypertext items to appear on the user's computer selectably scalably in a manner that allows the user to quickly receive and display the timely situation information. Rug Doctor's failure to address these infringement theories in its letter brief is another reason to deny its request to file a motion for summary judgment of noninfringement.

Therefore, for all of the reasons discussed above, the Court should deny the request by Rug Doctor and those Defendants joining in that request to file a motion for summary judgment of infringement at this time.

### 3. The Other Defendants' Joinder in the Rug Doctor Letter Brief

Although several Defendants have joined in Rug Doctor's letter request, none of them have provided any specific information about their accused website features indicating that there is a sound basis for them to seek a summary judgment of noninfringement based upon the inherently factual questions that surround the issues raised in Rug Doctor's letter brief. Instead, with regard to the "timely situation information" issue, Rug Doctor's letter brief merely makes the conclusory assertion that "Defendants provide no such 'situation information'" and only provide "static information." Rug Doctor Letter Brief at 2. Similarly, regarding the "said computer issue," Rug Doctor's letter brief merely makes the conclusory assertion that "at least the steps of searching and the step of displaying occur on different computers." *Id*.

Such conclusory assertions do not comply with the spirit of the letter brief requirement implemented by this Court as a mechanism to avoid time consuming dispositive motion practice where a party proposing to file such a motion fails to set forth a prima facia basis for doing so. The Court should deny the request by these Defendants for this additional reason. Nevertheless, since each of these Defendants seek permission to file a motion for summary judgment of noninfringement on the grounds set forth in Rug Doctor's letter brief, LBSI sets forth in Exhibits 2-6 directed to each of these Defendants, facts in the record showing why the Court should deny the request as to each of these Defendants.

Sincerely,

Eric W. Buether