IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LBS INNOVATIONS LLC, § § § *Plaintiff,* § § v. § § AARON BROTHERS, INC.; *et al.*, § § *Defendants.* § | Civil Action No. 2:11-cv-00142-MHS Jury Trial Demanded |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

Plaintiff LBS Innovations LLC files this motion for leave to amend its complaint against the remaining Defendants in this case.

**INTRODUCTION**

Plaintiff LBS Innovations LLC ("LBSI") requests leave from the Court to file an amended complaint against the Defendants remaining in this case in order to add allegations of indirect infringement consistent with its indirect infringement allegations contained in LBSI's amended infringement contentions. LBSI's motion is filed within the time permitted by the Docket Control Order for filing a motion for leave to amend. There is no substantial reason to deny LBSI's motion. LBSI's proposed amended complaint does not add any new accused parties or products to this lawsuit. LBSI's proposed amendment merely adds an indirect infringement theory of liability based upon essentially the same underlying facts as its previously asserted infringement theories. LBSI disclosed its indirect infringement theory in its amended infringement contentions served in March of this year. These amended infringement contentions were necessitated by the Court's claim construction ruling the previous month, which construed certain claim terms in a markedly different manner than LBSI had proposed.

## PROCEDURAL BACKROUND

Plaintiff filed this action in March 2011. Plaintiff's complaint named 16 defendants and alleged that these defendants infringed Claim 11 of the asserted `956 Patent in violation of 35 U.S.C. § 271 by making and/or using a computer-implemented website having a store or dealer location interface.[1]

LBSI served its infringement contentions on June 27, 2011. These contentions contained detailed allegations about each accused website function and asserted that the accused websites infringe the patent because, in part, they communicate transmittable hypertext items representing objects (e.g., stores or other business locations) to users. The locations of such objects are shown on scaled maps, which show the relative position of these locations with respect to a location specified by the user and have associated with them timely situation information based upon user-entered search criteria.

Claim construction briefing began in December 2011, and on February 14, 2012, the Court issued its claim construction ruling. The Court's claim construction ruling did not adopt LBSI's proposed claim constructions *in toto*. For example, the Court's construction of the claim term "said computer" to mean "the same computer that performs the other steps recited in the claim" differed markedly from the LBSI's proposed construction, and the Defendants did not even offer a proposed construction for this term. Also, the Court's construction of the term "timely situation information" differed from the parties' proposed constructions. Thus, LBSI served amended infringement contentions within the 30-day time period provided by Patent Rule 3-6(a) in March of this year. LBSI's amended infringement contentions did not add any new

---

[1] The following are the Defendants remaining in this case: Academy Ltd. d/b/a Academy Sports + Outdoors, Adams Golf, Ltd., Comerica Inc., CompUSA.com, Inc., Conn's, Inc., Homestyle Dining LLC, Hotels.com, L.P., Rug Doctor, Inc., Tiger Direct, Inc., and Whole Foods Market, Inc.

accused instrumentalities, but they did add the contention that the Defendants **indirectly** infringed Claim 11 of the '956 Patent – the only claim asserted in this lawsuit – by inducing users to visit their websites and utilize the accused store or business locator functionality to obtain timely situation information. This amendment was necessitated by the Court's "same computer" claim construction. The website functionality LBSI accused in its indirect infringement contentions is essentially based upon the same functionality underlying its previously asserted direct infringement contentions.

The Defendants have recently complained that, although LBSI's amended infringement contentions fully disclosed its indirect infringement theory of liability, LBSI's original complaint does not contain an allegation of indirect infringement. The Defendants do not dispute that they have been aware of LBSI's indirect infringement theory of liability since March when LBSI served its amended infringement contentions. Indeed, in mid-April, one Defendant questioned LBSI's ability to amend its infringement contentions as a matter of right under P.R. 3-6, and LBSI explained the basis for its right to do so, and that Defendant did not raise any issue about LBSI's assertion of indirect infringement against it until now. *See* Exhibits B and C. The Defendants have not identified any possible prejudice they could suffer if LBSI is merely allowed to amend its complaint to conform its allegations in that pleading to the allegations of indirect infringement contained in its amended infringement contentions. LBSI, therefore, requests the Court to grant it leave to file the proposed amended complaint attached as Exhibit A.

## ARGUMENT

The Court entered a Docket Control Order in this case on July 20, 2011. Dkt. No. 120. The Docket Control Order provides that the deadline for amending pleadings "without leave of Court" is January 16, 2012. The Docket Control Order does not establish a deadline for filing a

motion to amend with leave of Court pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

When presented with a motion to amend under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fifth Circuit has stated that such a motion "should not be denied unless there is a substantial reason to do so." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (internal quotations omitted). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). In exercising its discretion, the Court "may consider factors such as whether there has been 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.'" *Id.* (emphasis in original) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996), *cert. denied*, 519 U.S. 1057 (1997)).

In this case, LBSI timely amended its infringement contentions to add an indirect infringement theory of liability. Thus, LBSI is not guilty of any undue delay or bad faith. LBSI's motive in seeking leave to amend its original complaint to allege this indirect infringement liability theory is simply to conform its pleadings to its timely infringement contentions. The Defendants cannot point to any prejudice or unfair surprise that would result from the proposed amendment in view of the fact that they have been aware of LBSI's indirect infringement contentions since March of this year. This Court has repeatedly emphasized that a party's infringement contentions are generally much more informative of the basis for a claim of infringement than the allegations in a complaint. *See, e.g.*, *Tune Hunter, Inc. v. Samsung*

*Telecomm. Am.*, LLC, No. 2:09-cv-148, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010) ("Oakley's demand for greater specificity and more detailed notice of Plaintiff's infringement theories is addressed by the Court's Local Patent Rules, such as the Patent 3-1 requirement for disclosure of asserted claims and infringement contentions").

Furthermore, the amendment of an original complaint to conform to amended infringement contentions is to be expected in patent litigation. *See Fujitsu Ltd. v. Tellabs Operations, Inc.*, 2011 U.S. Dist. LEXIS 112672, 14-15 (N.D. Ill. Sept. 29, 2011) ("The court, however, recognizes that both its Markman order and the on-going discovery in this case may warrant amendment to either Fujitsu's Final Infringement Contentions or its Original Complaint. If this situation arises, Fujitsu may seek leave of the court to amend, assuming that it can do so consistent with the Federal Rules, Local Patent Rule 3.4, and this order.")

LBSI is merely proposing an alternative legal theory for recovery based on the same underlying facts. "Amendments that fall into [this] category generally should be permitted, as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

## CONCLUSION

LBSI's motion for leave to amend should be granted.

Dated: June 26, 2012          Respectfully submitted,

                                        **BUETHER JOE & CARPENTER, LLC**

                                By:    */s/ Niky Bukovcan*
                                         Christopher M. Joe
                                         State Bar No. 00787770
                                         Chris.Joe@BJCIPLaw.com
                                         Eric W. Buether
                                         State Bar No. 03316880
                                         Eric.Buether@BJCIPLaw.com
                                         Brian A. Carpenter
                                         State Bar No. 03840600
                                         Brian.Carpenter@BJCIPLaw.com
                                         Niky Bukovcan
                                         State Bar No. 24078287
                                         Niky.Bukovcan@BJCIPLaw.com
                                         Mark D. Perantie
                                         State Bar No. 24053647
                                         Mark.Perantie@BJCIPLaw.com

                                         1700 Pacific Avenue
                                         Suite 4750
                                         Dallas, Texas 75201
                                         Telephone:    (214) 466-1272
                                         Facsimile:     (214) 635-1828

                                         **ATTORNEYS FOR PLAINTIFF LBS INNOVATIONS LLC**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 26th day of June 2012. Any other counsel of record will be served by facsimile transmission and first class mail.

                                           */s/ Niky Bukovcan*
                                           Niky Bukovcan

## CERTIFICATE OF CONFERENCE

Plaintiff's counsel has complied with the meet and confer requirement in Local Rule CV-7(h). On June 25, 2012, the undersigned participated in a telephone conference with counsel for the Defendants in this case to discuss Plaintiff's request for permission to amend its complaint as described above. On the call for the Defendants were at least the following lawyers: Ramsey Al-Salam, Steven Stark, and James Pistorino for Comerica and Whole Foods; Jason Schwent for Rug Doctor; Kirby Drake for Academy; Wasif Qureshi for Hotels.com; and Jason Mazingo for TigerDirect and CompUSA. Counsel for the Defendants stated that they were opposed to Plaintiff's requested relief primarily based on the contention that Plaintiff was not entitled to amend its infringement contentions as a matter of right and the contention that the deadline for amending pleadings has passed.

*/s/ Niky Bukovcan*
Niky Bukovcan