# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LBS INNOVATIONS, LLC, § § *Plaintiff,* § § v. § § AARON BROTHERS, INC.; *et al.*, § § *Defendants.* § | Civil Action No. 2:11-cv-00142-MHS Jury Trial Demanded |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff LBS Innovations, LLC files this First Amended Complaint against Academy, Ltd. dba Academy Sports + Outdoors; Adams Golf Inc.; Adams Golf, Ltd.; Comerica Incorporated; CompUSA.com Inc.; Conn's, Inc.; Homestyle Dining LLC; Hotels.com, L.P.; Rug Doctor, Inc.; TigerDirect, Inc., and Whole Foods Market, Inc. (collectively the "Defendants") and alleges as follows:

**PARTIES**

1. Plaintiff LBS Innovations LLC ("LBSI")[1] is a New Jersey Limited Liability Company with its principal place of business at 53 Ramapo Mountain Drive, Wanaque, New Jersey 07465.

2. Upon information and belief, Defendant Academy Ltd. dba Academy Sports + Outdoors ("Academy Sports") is a corporation organized and existing under the laws of the State

---

[1] Pursuant to Federal Rule of Civil Procedure 25(c), Plaintiff LBSI has filed a Motion to Substitute LBS Innovations, LLC (a Texas Limited Liability Company) as the Plaintiff. *See* Dkt. 198. Should the Court grant LBSI's motion, the substituted Plaintiff will be LBS Innovations, LLC, which is a Texas Limited Liability Company with its principal place of business at 815 Brazos Street, Suite 500, Austin, Texas 78701.

of Texas, with its principal place of business located at 1800 N. Mason Road, Katy, Texas 77449. Academy Sports has been served with process.

3. Upon information and belief, Defendant Adams Golf Inc. is a corporation organized and existing under the laws of the State of Delaware, and Defendant Adams Golf, Ltd. is a corporation organized and existing under the laws of the State of Texas. These Defendants are collectively referred to herein as "Adams Golf." Each of the Adams Golf entities has its principal place of business located at 2801 E. Plano Parkway, Plano, Texas 75074-7418. Adams Golf has been served with process.

4. Upon information and belief, Defendant Comerica Incorporated ("Comerica") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1717 Main Street, Dallas, Texas 75201. Comerica has been served with process.

5. Upon information and belief, Defendant CompUSA.com Inc. ("CompUSA") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 14951 Dallas Parkway, Dallas, Texas 75240-7892. CompUSA has been served with process.

6. Upon information and belief, Defendant Conn's, Inc. ("Conn's") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3295 College Station, Beaumont, Texas 77701-4611. Conn's has been served with process.

7. Upon information and belief, Defendant Homestyle Dining LLC ("Homestyle Dining") is a limited liability corporation organized and existing under the laws of the State of

Delaware, with its principal place of business located at 3701 W. Plano Parkway, Suite 200, Plano, Texas 75075. Homestyle Dining has been served with process.

8. Upon information and belief, Defendant Hotels.com, L.P. ("Hotels.com") is a limited partnership organized and existing under the laws of the State of Texas, with its principal place of business located at 10440 North Central Expressway, Suite 400, Dallas, Texas 75231. Hotels.com has been served with process.

9. Upon information and belief, Defendant Rug Doctor, Inc. ("Rug Doctor") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 4701 Old Shepard Place, Plano, Texas 75093-5298. Rug Doctor has been served with process.

10. On information and belief, Defendant TigerDirect, Inc. ("TigerDirect"), is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 7795 West Flagler St., Suite 35, Miami, Florida 33144. Tiger Direct has been served with process.

11. Upon information and belief, Defendant Whole Foods Market, Inc. ("Whole Foods") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 550 Bowie Street, Austin, Texas 78703-4694. Whole Foods has been served with process.

**JURISDICTION AND VENUE**

12. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

13. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. Upon information and belief, each of the Defendants is subject to this Court's general and/or specific personal jurisdiction because it (a) is a resident of the State of Texas; and/or (b) has designated an agent for service of process in the State of Texas; and/or (c) has committed acts of infringement in the State of Texas as alleged below; and/or (d) is engaged in continuous and systematic activities in the State of Texas.  Therefore, this Court has personal jurisdiction over each of the Defendants under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

15. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has a regular and established place of business in this district, and/or has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## THE PATENT-IN-SUIT

16. On July 18, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,091,956 (the "'956 patent") entitled "Situation Information System," a true copy of which is attached as Exhibit A.

17. LBSI is the owner by assignment of the '956 Patent and owns all right, title and interest in the '956 Patent, including the right to sue for and recover all past, present and future damages for infringement of the '956 Patent.

## CLAIM 1 -- INFRINGEMENT OF U.S. PATENT NO. 6,091,956

18. Defendant Academy Sports has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 by making, and/or using in the United States the computer implemented website www.academy.com, which has a store or dealer location interface at

http://www.academy.com/index.php?page=content&target=company/locator/map&lnkSRC=Header, when its employees, agents, or representatives test its website as shown in Exhibit A of Attachment 1, Plaintiff's Amended Infringement Contentions served on March 19, 2012, attached herein pursuant to Federal Rule of Civil Procedure 10. In addition and/or in the alternative, Academy Sports, with knowledge of the '956 Patent, has been and/or now is inducing the infringement of one or more claims of the '956 Patent, including Claim 11, by users of this website and store or dealer location interface, and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271, as shown in Exhibits B and C of Attachment 1.

19. Defendant Adams Golf has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 by making and/or using in the United States the computer implemented website www.adamsgolf.com, which has a store or dealer location interface at http://www.adamsgolf.com/retail/index.php, when its employees, agents, or representatives test its website as shown in Exhibit A of Attachment 2, Plaintiff's Corrected Amended Infringement Contentions served on March 20, 2012, attached herein pursuant to Federal Rule of Civil Procedure 10. In addition and/or in the alternative, Adams Golf, with knowledge of the '956 Patent, has been and/or now is inducing the infringement of one or more claims of the '956 Patent, including Claim 11, by users of this website and store or dealer location interface, and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271, as shown in Exhibits B and C of Attachment 2.

20. Defendant Comerica has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 by making and/or using in the United States the computer implemented website www.comerica.com, which has a store or dealer location interface at http://campaign.comerica.com/local?utm_source=comerica-

com&ct=1, when its employees, agents, or representatives test its website as shown in Exhibit A of Attachment 3, Plaintiff's Amended Infringement Contentions served on March 19, 2012, attached herein pursuant to Federal Rule of Civil Procedure 10. In addition and/or in the alternative, Comerica, with knowledge of the '956 Patent, has been and/or now is inducing the infringement of one or more claims of the '956 Patent, including Claim 11, by users of this website and store or dealer location interface, and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271, as shown in Exhibits B and C of Attachment 3.

21. Defendant CompUSA has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 by making, and/or using in the United States the computer implemented website www.compusa.com, which has store location interfaces at http://www.blipstar.com/blipstarplus/viewer/blipstar.php?uid=1641491 and http://www.compusa.com/retailstores/compusaStores/index.asp, when its employees, agents, or representatives test its website as shown in Exhibit A of Attachment 4, Plaintiff's Amended Infringement Contentions served on March 19, 2012, attached herein pursuant to Federal Rule of Civil Procedure 10. In addition and/or in the alternative, Academy Sports, with knowledge of the '956 Patent, has been and/or now is inducing the infringement of one or more claims of the '956 Patent, including Claim 11, by users of this website and store or dealer location interface, and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271, as shown in Exhibits B and C of Attachment 4.

22. Defendant Conn's has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 by making, and/or using in the United States the computer implemented website www.conns.com, which has a store or dealer location interface at http://www.conns.com/locator/index/, when its employees, agents, or

representatives test its website as shown in Exhibit A of Attachment 5, Plaintiff's Amended Infringement Contentions served on March 19, 2012, attached herein pursuant to Federal Rule of Civil Procedure 10.  In addition and/or in the alternative, Conn's, with knowledge of the '956 Patent, has been and/or now is inducing the infringement of one or more claims of the '956 Patent, including Claim 11, by users of this website and store or dealer location interface, and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271, as shown in Exhibits B and C of Attachment 5.

23. Defendant Homestyle Dining has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 by making, and/or using in the United States the computer implemented websites www.bonanzasteakhouses.com and www.ponderosasteakhouses.com which have a store location interfaces at http://www.bonanzasteakhouses.com/bonanza/locator_map.php and http://www.ponderosasteakhouses.com/ponderosa/locator_map.php respectively, when its employees, agents, or representatives test its website as shown in Exhibit A of Attachment 6, Plaintiff's Amended Infringement Contentions served on March 19, 2012, attached herein pursuant to Federal Rule of Civil Procedure 10.  In addition and/or in the alternative, Homestyle Dining, with knowledge of the '956 Patent, has been and/or now is inducing the infringement of one or more claims of the '956 Patent, including Claim 11, by users of this website and store or dealer location interface, and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271, as shown in Exhibits B and C of Attachment 6.

24. Defendant Hotels.com has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 by making, and/or using in the United States the computer implemented website www.hotels.com, which has a hotel or

dealer location interface reached by hitting the "show map" button from the search result page, when its employees, agents, or representatives test its website as shown in Exhibit A of Attachment 7, Plaintiff's Amended Infringement Contentions served on March 19, 2012, attached herein pursuant to Federal Rule of Civil Procedure 10. In addition and/or in the alternative, Hotels.com, with knowledge of the '956 Patent, has been and/or now is inducing the infringement of one or more claims of the '956 Patent, including Claim 11, by users of this website and store or dealer location interface, and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271, as shown in Exhibits B and C of Attachment 7.

25. Defendant Rug Doctor has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 by making, and/or using in the United States the computer implemented website www.rugdoctor.com, which has a store or dealer location interface at http://rent.rugdoctor.com/map/map.html, when its employees, agents, or representatives test its website as shown in Exhibit A of Attachment 8, Plaintiff's Amended Infringement Contentions served on March 19, 2012, attached herein pursuant to Federal Rule of Civil Procedure 10. In addition and/or in the alternative, Rug Doctors, with knowledge of the '956 Patent, has been and/or now is inducing the infringement of one or more claims of the '956 Patent, including Claim 11, by users of this website and store or dealer location interface, and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271, as shown in Exhibits B and C of Attachment 8.

26. Defendant TigerDirect has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.tigerdirect.com, which has store location interfaces at http://www.blipstar.com/blipstarplus/viewer/blipstar.php?uid=1641491,

when its employees, agents, or representatives test its website as shown in Exhibit A of Attachment 4, Plaintiff's Amended Infringement Contentions served on March 19, 2012, attached herein pursuant to Federal Rule of Civil Procedure 10.  In addition and/or in the alternative, TigerDirect, with knowledge of the '956 Patent, has been and/or now is inducing the infringement of one or more claims of the '956 Patent, including Claim 11, by users of this website and store or dealer location interface, and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271, as shown in Exhibits B and C of Attachment 4.

27.  Defendant Whole Foods has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 by making, and/or using in the United States the computer implemented website [www.wholefoodsmarket.com,](www.wholefoodsmarket.com) which has a store or dealer location interface at [http://wholefoodsmarket.com/stores/,](http://wholefoodsmarket.com/stores/) when its employees, agents, or representatives test its website as shown in Exhibit A of Attachment 9, Plaintiff's Amended Infringement Contentions served on March 19, 2012, attached herein pursuant to Federal Rule of Civil Procedure 10.  In addition and/or in the alternative, Whole Foods, with knowledge of the '956 Patent, has been and/or now is inducing the infringement of one or more claims of the '956 Patent, including Claim 11, by users of this website and store or dealer location interface, and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271, as shown in Exhibits B and C of Attachment 9.

28.  As a direct and proximate consequence of the acts and practices of the Defendants in infringing, directly and/or indirectly, one or more claims of the '956 Patent, LBSI has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

29. The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to LBSI.

30. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and LBSI is thus entitled to an award of its reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

31. LBSI, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, LBSI requests entry of judgment that:

1. Defendants have infringed the patent-in-suit;

2. Defendants account for and pay to Plaintiff all damages caused by their respective infringement of the patent-in-suit; and

3. Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of one or more of Defendants' patent infringement;

4. The Court declare this an exceptional case and that Plaintiff be granted reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

5. Costs be awarded to Plaintiff; and

6. Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: June 26, 2012					Respectfully submitted,

						**BUETHER JOE & CARPENTER, LLC**


						By:	*/s/ Eric W. Buether*
							Eric W. Buether
							State Bar No. 03316880
							Eric.Buether@BJCIPLaw.com
							Christopher M. Joe
							State Bar No. 00787770
							Chris.Joe@BJCIPLaw.com
							Brian A. Carpenter
							State Bar No. 03840600
							Brian.Carpenter@BJCIPLaw.com
							Niky Bukovcan
							State Bar No. 24078287
							Niky.Bukovcan@BJCIPLaw.com
							Mark D. Perantie
							State Bar No. 24053647
							Mark.Perantie@BJCIPLaw.com

							1700 Pacific Avenue
							Suite 4750
							Dallas, Texas 75201
							Telephone:	(214) 466-1271
							Facsimile:	(214) 635-1827

							**ATTORNEYS FOR PLAINTIFF LBS INNOVATIONS, LLC**


### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 26th day of June 2012. Any other counsel of record will be served by facsimile transmission and first class mail.


						*/s/ Eric W. Buether*
						Eric W. Buether