IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LBS INNOVATIONS LLC, | § § § § | |
| Plaintiff, | | |
| vs. | § § § | Civil Action No. 2:11-cv-00142-DF |
| AARON BROTHERS, INC., ACADEMY LTD. DBA ACADEMY SPORTS + OUTDOORS; ADAMS GOLF INC.; ADAMS GOLF, LTD.; COMERICA INCORPORATED; COMPUSA.COM INC.; CONN'S INC.; FOSSIL INC.; GAMESTOP CORP. DBA GAMESTOP CORP. OF DELAWARE; HOMESTYLE DINING LLC; HOTELS.COM, L.P.; PIER 1 IMPORTS, INC.; RUG DOCTOR, INC.; STAGE STORES INC.; TIGERDIRECT, INC; AND WHOLE FOODS MARKET, INC, | § § § § § § § § § § § § § § § § § | Jury Trial Demanded |
| Defendants. | | |

**COMERICA INCORPORATED'S AND WHOLE FOODS MARKET, INC.'S
MOTION TO STRIKE INDIRECT INFRINGEMENT ALLEGATIONS**

Comerica and Whole Foods move to strike the indirect infringement allegations included for the first time in the Amended Infringement Contentions served by LBS. The Complaint does not allege indirect infringement by Comerica and the deadline for amending the pleadings has long since passed. The Amended Contentions are not authorized by P.R. 3-6(a) and represent an effort to make an end run around the Scheduling Order in this case. Moreover, because LBS did not comply with the Scheduling Order, LBS has failed to put Comerica and Whole Foods on notice of the facts alleged to support such a claim or otherwise meet the pleading standard for infringement by inducement (e.g., alleged knowledge of the patent-in-suit and intent to cause acts which constitute infringement). Finally, by concealing its indirect infringement allegations for the first 12 months of this case, LBS deprived Comerica and Whole Foods of the opportunity to timely obtain an opinion of counsel that could defeat LBS' inducement claims. LBS' indirect infringement contentions should be stricken.

I.   **BACKGROUND**

On March 4, 2011, Plaintiff LBS Innovations LLC ("LBS") filed a Complaint accusing 16 different companies of infringing U.S. Patent No. 6,091,956 ("'956 patent"). Only Academy Ltd. was accused of both direct and indirect infringement, but all other Defendants, including Comerica Incorporated ("Comerica") and Whole Foods Market, Inc. ("Whole Foods"), were accused of only direct infringement. Dkt. No. 1. On July 20, 2011, this Court entered a Scheduling Order setting January 16, 2012 as the deadline for amending the pleadings without leave of Court. Dkt. No. 117.

On June 27, 2011, LBS served Infringement Contentions. Again, LBS only made direct infringement allegations against Comerica and Whole Foods. Exs. A (LBS' Disclosure of Asserted Claims and Infringement Contentions) ("Original Contentions"), B (Ex. D to Original

Contentions), and C (Ex. N to Original Contentions).[1] On November 9, 2011, the parties submitted a Joint Claim Construction and Prehearing Statement. Dkt. No. 166. Throughout December 2011 and January 2012, the parties submitted claim construction briefing. Dkt. Nos. 172, 178, and 184. The Court conducted a *Markman* hearing on February 9, 2012. During that time, January 16, 2012 passed and LBS did not seek leave to amend the Complaint and its infringement contentions to assert indirect infringement by Comerica or Whole Foods. On February 14, 2012, the Court issued a Claim Construction Order. Dkt. No. 195.

On March 20, 2012, LBS served Amended Infringement Contentions ("Amended Contentions") that for the first time alleged indirect infringement by Comerica and Whole Foods. Exs. D and E. LBS alleged in their Amended Contentions that Comerica and Whole Foods indirectly infringed by inducing others to practice the '956 patent. However, LBS did not allege any facts about knowledge of the patent-in-suit or intent. *Id.*

## II. ANALYSIS

### A. LBS' Indirect Infringement Contentions Were Served in Violation of P.R. 3-6(a) and (b)

LBS served its Amended Contentions without leave of Court and in violation of P.R. 3-6(a) and (b). The Amended Contentions were not necessitated by the Court's claim construction, and LBS failed to move for leave of Court and show good cause for amending its contentions to include indirect infringement allegations. LBS's indirect infringement amended contentions should therefore be stricken.

A plaintiff's infringement contentions "shall be deemed to be [its] final contentions" except as provided under P.R. 3-6(a)(1) or 3-6(b). P.R. 3-6(a). P.R. 3-6(a) allows amendment

---

[1] All exhibits cited in this motion are submitted herewith as attachments to Declaration of James C. Pistorino in Support of Comerica's and Whole Food's Motion to Strike Indirect Infringement Allegations.

without leave of Court only when necessitated by an unexpected claim construction ruling. Patent Rule 3-6(b) requires LBS to demonstrate "good cause" to obtain leave to amend. For the reasons set forth below, neither provision allows LBS to amend in this case.

LBS' indirect infringement contentions were not necessitated by the Court's claim construction. Pursuant to P.R. 3-6(a), amended infringement contentions may be served without leave of Court *only* if the patentee "believes in good faith that the Court's Claim Construction Ruling so requires." This Court has noted that P.R. 3-6(a)(1) is not a blanket authorization for plaintiffs to amend infringement contentions after every claim construction order. *Nike, Inc. v. Adidas Am., Inc.*, 479 F.Supp. 2d 664, 667 (E.D. Tex 2007). Instead, P.R. 3-6(a)(1) was intended to allow a party to respond to an "unexpected claim construction by the court." *Id.* In the present case, there was nothing "unexpected" about the Court's claim constructions. The Court construed each claim based upon the proposed constructions submitted by the parties. Claim Construction Order (Dkt. No. 195).

LBS also failed to move for leave and, indeed, cannot show good cause to amend its infringement contentions to include allegations of indirect infringement. P.R. 3-6(b) requires parties to show good cause and move for leave to serve amended infringement contentions. P.R. 3-6(b). LBS served its Amended Contentions without moving for leave of Court. Moreover, even if LBS moved for leave to amend, it could not have shown (and cannot now show) good cause to do so. As noted above, until LBS served its Amended Contentions on March 20, 2012, LBS had never asserted indirect infringement by Comerica or Whole Foods before, or otherwise put Comerica or Whole Foods on notice that LBS intended to assert indirect infringement. LBS never raised the issue of amending its contentions with Comerica or Whole Foods to include indirect infringement allegations. Comerica and Whole Foods produced core technical

documents months before the *Markman* hearing.  LBS has no good reason for failing to even attempt to amend its contentions to include allegations of indirect infringement more than one year after it filed its Complaint and nearly 9 months after it served its Original Contentions, and LBS cannot show diligence.

The indirect infringement allegations in LBS' Amended Contentions were not necessitated by the Court's claim constructions, LBS failed to move for leave to amend contentions, and LBS could not and cannot show good cause for adding indirect infringement allegations to its contentions.  LBS' indirect infringement allegations should therefore be stricken.

### B. LBS' Indirect Infringement Contentions Were Served in Violation of the Scheduling Order and Are An Effort to Avoid Meeting the Pleading Requirements of Indirect Infringement

Indirect infringement allegations are subject to the pleading requirements set forth in *Iqbal* and *Twombly*.  *See, e.g.*, *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, --- F.3d ----, 2012 WL 2044605, at *9 (Fed. Cir. Jun. 7, 2012) ("… complaints must contain facts plausibly showing [the defendants] specifically intended their customers to infringe [the patent in suit] and knew that the customer's acts constituted infringement.")  Thus, to comply with *Iqbal/Twombly*, the Complaint must allege sufficient facts to plausibly form the basis for the alleged causes of action and the relief requested.  With regard to alleged indirect infringement by inducement, such factual allegations include, at least, knowledge of the patent-in-suit and specific intent to cause the acts alleged to constitute infringement and knowledge that the acts constituted infringement.  *In re Bill of Lading*, 2012 WL 2044605, at *12.

As noted above, the Complaint in this case is silent as to alleged indirect infringement by Comerica.  Further, even assuming that LBS was not barred from asserting indirect infringement because it was not alleged in the Complaint or the Original Contentions, at the latest, the

- 4 -

deadline for amending the pleadings in this case passed on January 16, 2012. That date passed without LBS seeking leave to include indirect infringement allegations against Comerica and Whole Foods and to serve new Infringement Contentions. To the extent that LBS wished to include allegations of indirect infringement against Comerica and Whole Foods, at the absolute latest, January 16, 2012 was the date to do so.

Moreover, permitting LBS' assertion of indirect infringement for the first time in its Amended Contentions would create an end-run around the pleading requirements of *Iqbal/Twombly*. As detailed above, *Iqbal/Twombly* require LBS to allege facts regarding knowledge of the patent-in-suit and intent. Comerica and Whole Foods do not believe that LBS could set forth such facts and even at this late date, and Comerica and Whole Foods have not been told the basis for the alleged indirect infringement (e.g., is it pre-suit or post-suit or both, and what are the facts supporting allegations of knowledge and intent?). Indeed, any such allegations by LBS might be subject to a motion to dismiss by Comerica or Whole Foods if made in a pleading. However, by concealing its allegations until the Amended Contentions, LBS avoided being challenged on them and has concealed the factual basis for them from Comerica and Whole Foods.

## C.   LBS' Indirect Infringement Contentions Should Be Stricken

This Court has previously identified a non-exclusive list of five factors to consider in determining whether late filed infringement contentions should be allowed or pleading deadlines extended. *See Nike, Inc. v. Adidas America, Inc.*, 479 F.Supp2d 664 (E.D. Tex. 2007). Evaluating those factors, LBS' indirect infringement allegations should be stricken.

### 1. The Danger of Unfair Prejudice to Comerica and Whole Foods

In the present case, the prejudice to Comerica and Whole Foods is clear.  Comerica and Whole Foods have not had the benefit of knowing the factual basis for LBS' indirect infringement allegations and could have challenged any such allegations at the pleading stage.

Further, as the Federal Circuit noted in *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683 (Fed. Cir. 2008), the presence or absence of an opinion of counsel may be relevant to the intent showing required for infringement by inducement.  *Id.* at 698-700.  Thus, an alleged indirect infringer may defeat a claim of infringement by inducement, in part, by relying on an opinion of counsel that the patent is invalid or not infringed.  In the present case, because LBS concealed its indirect infringement allegations for the first 12 months of this case, Comerica and Whole Foods are unable to secure an opinion of counsel that could defeat LBS' claims in the post-suit period (even assuming that they were limited to the period after the suit was filed).  Obviously, this is a prejudice to Comerica and Whole Foods that is solely the result of LBS' failure to follow this Court's orders and otherwise comply with the pleading requirements.

### 2. The Length of Delay and Its Potential Impact on Judicial Proceedings

With regard to the length of delay, LBS has never sought leave to amend the pleadings to assert indirect infringement by Comerica or Whole Foods.  Measured from the filing date of the Complaint, LBS delayed more than 12 months in asserting indirect infringement.  Measured from the Original Contentions, LBS delayed approximately nine months before attempting to serve Amended Contentions that raised indirect infringement allegations against Comerica and Whole Foods.

Were the Court to try to amend the Schedule in this case, it would have to essentially begin the case all over again because Comerica and Whole Foods would have to have an opportunity to challenge any amended pleadings, to take any relevant discovery (which would

likely include complex, expensive, and time consuming surveys), to file any relevant dispositive motions, and to secure opinions of counsel. Further, of course, opinions of counsel obtained now could not have been relied upon back when the Complaint was filed so that prejudice simply cannot be cured by extending the schedule.

### 3. The Reason for Delay And Whether It Was Within LBS' Control

While Comerica and Whole Foods do not know the reason for LBS delay, obviously, LBS' allegations and the bases for them are totally within LBS' control. Moreover, LBS has made no showing that factors outside of its control led to the many-months delay in asserting indirect infringement.

### 4. The Importance of the Matter

The fourth factor is "the importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of civil procedure." *Nike*, 479 F.Supp.2d at 668.

If LBS is barred from raising indirect infringement allegations, LBS will still be able to pursue its primary theory of alleged direct infringement. Thus, LBS' concealed indirect infringement allegations are not vital to LBS' case. However, those allegations are vital to Comerica's and Whole Foods' defenses because the relevant inquiries for direct and indirect infringement are different (e.g., direct infringement does not require a showing of intent while inducement does). Moreover, the standards for assessing damages are very different between direct and indirect infringement and, in a case like this, LBS' indirect infringement allegations would likely require the use of expensive, complex, and time consuming survey evidence. Rather than deter future violations, allowing LBS to raise new theories of infringement for the first time in Amended Contentions would encourage future violations. LBS and other plaintiffs

would then know that one way to sandbag Defendants is to conceal indirect infringement allegations and "add" them after the Claim Construction Order, thus hampering potential defenses.

### 5. Whether LBS Was Diligent in Seeking an Extension of Time or in Supplementing

The Fifth factor is whether LBS was diligent in seeking an extension of time or in supplementing discovery after an alleged need to disclose the new matter became apparent. *Nike*, 479 F.Supp.2d at 668. LBS never sought an extension of time or other permission from the Court to amend the pleadings or its Infringement Contentions to raise new theories of alleged infringement. Nor was LBS' addition of indirect infringement allegations necessitated by the Court's claim construction order. Thus, LBS was not diligent.

### III. CONCLUSION

For the reasons set forth above, Comerica and Whole Foods respectfully request that this Court strike LBS' indirect infringement allegations against them.

41063-0191/LEGAL23879114.2

- 9 -

Dated: June 27, 2012

| | |
|---|---|
| Lance Lee<br>5511 Plaza Drive<br>Texarkana, TX 75503<br>Email: wlancelee@aol.com<br>903/223-0276<br>Fax: 903/223-0210 | */s/ James C. Pistorino*<br>Ramsey M. Al-Salam<br>WA State Bar No. 18822<br>ralsalam@perkinscoie.com<br>Stevan R. Stark<br>WA State Bar No. 39639<br>sstark@perkinscoie.com<br>Perkins Coie LLP<br>1201 Third Avenue<br>Ste 4800<br>Seattle, WA 98101-3099<br>206/359-8000<br>Fax: 206/359-9000<br><br>James C. Pistorino<br>Texas Bar No. 00797828<br>jpistorino@perkinscoie.com<br>Victoria Q. Smith<br>Texas Bar No. 24075381<br>vsmith@perkinscoie.com<br>Perkins Coie LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>650/838-4313<br>Fax: 650/838-4350<br><br>ATTORNEYS FOR DEFENDANTS<br>COMERICA INCORPORATED AND<br>WHOLE FOODS MARKET, INC. |

41063-0191/LEGAL23879114.2

- 1 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 27, 2012, a true and correct copy of the foregoing was served to the parties via electronic mail pursuant to Local Rule CV-5(d).

*/s/ James C. Pistorino*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7, on June 25, 2012, the undersigned counsel for Comerica and Whole Foods, and counsel for plaintiff LBS, including counsel Niky Bukovcan, participated in a telephonic meet and confer.  During this call the relief sought in this motion was raised and LBS they would not to agree to said relief.  Comerica and Whole Foods understands and believes that LBS remains opposed to this motion and thus seeks the assistance of the Court.

*/s/ James C. Pistorino*

- 1 -