IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LBS INNOVATIONS LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 2:11-cv-00142-MHS |
| v. | § § | Jury Trial Demanded |
| AARON BROTHERS, INC.; *et al.*, | § § | |
| Defendants. | § | |

**PLAINTIFF LBS INNOVATIONS LLC'S RESPONSE TO
DEFENDANTS' MOTION TO SEVER**

Plaintiff LBS Innovations LLC ("LBSI") files this Response to the Motion to Sever of Defendants Academy Ltd. ("Academy"), Comerica, Inc. ("Comerica"), and Whole Foods Market, Inc. ("Whole Foods"), Dkt. 225, (Defendants Academy, Comerica, and Whole Foods are referred to collectively as the "Movants").

**INTRODUCTION**

The Movants request the Court to sever LBSI's claims against them as improperly joined under Rule 20 of the Federal Rules of Civil Procedure. Movants also assert that the claims against each of them be tried separately. LBSI does not oppose the severance of its claims against the Movants on the condition that LBSI's actions against each of them be consolidated for pretrial purposes under Rule 42(a) of the Federal Rules of Civil Procedure. LBSI contends, however, that it is premature to decide at this time which of the Defendants in this litigation should be tried together. Indeed, Defendants Comerica and Whole Foods propose that LBSI's claims against them be tried together. The Court should await the completion of discovery and the submission of expert reports before determining which LBSI claims against which defendants are appropriate to be tried together.

# ARGUMENT

In view of the Federal Circuit's decision in *In re EMC Corporation,* 677 F.3d 1351 (Fed. Cir. 2012), LBSI agrees that severance of the claims against the Movants in this action is proper where the Defendants are "not acting in concert" and there are no "overlapping facts that give rise to each cause of action." *Id.* at 1359. As the Federal Circuit explained, factual considerations in determining whether the joinder test is satisfied include: (1) "whether the alleged acts of infringement occurred during the same time period, (2) the existence of some relationship among the defendants," (3) "the use of identically sourced components or technology agreements between the defendants," (4) "overlap of the products' or processes' development and manufacture," and (5) "whether the case involves a claim for lost profits." *Id.* at 1359-60. LBSI believes that, with respect to at least some of the Defendants in these actions, some of these facts may exist and joinder of these defendants would be appropriate. Furthermore, discovery in this case will likely reveal these facts establishing that joinder of some or all of the Defendants in these actions was appropriate.

Nevertheless, LBSI has determined that it not necessary to force the Court to determine whether LBSI's joinder of some or all of the Movants in this lawsuit was appropriate in order to resolve the procedural issue presented by the Movants. Instead, LBSI believes that the most prudent and procedurally proper course for the Court to take is to "sever" at this time LBSI's claims against the Movants and then simultaneously consolidate all of these severed actions with the other LBSI *Aaron Brothers* actions pending before this Court for pre-trial purposes pursuant to rule 42(a) of the Federal Rules of Civil Procedure.

Rule 21 of the Federal Rules of Civil Procedure expressly provides that, in the event of the misjoinder of a party, "[t]he court may also sever any claim against a party" to remedy the

misjoinder. *See also Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance."). Rule 42(a) further provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the action; (2) consolidate the actions; or (3) issue any orders to avoid unnecessary cost or delay." The Court can determine whether to consolidate any of these severed actions for trial at a later date based upon a more complete record enabling the Court to assess the fairness and efficiencies of a consolidated trial involving two or more Defendants.

> The Federal Circuit in *EMC* endorsed this approach when it observed that:
>
> In exercising its discretion, the district court should keep in mind that even if joinder is not permitted under Rule 20, the <u>district court has considerable discretion to consolidate cases for discovery and for trial under Rule 42 where venue is proper and there is only "a common question of law or fact."</u> Fed. R. Civ. P. 42(a); *see* 9A Wright et al., *supra*, § 2382 ("[T]he existence of a common question by itself is enough to permit consolidation under Rule 42(a), even if the claims arise out of independent transactions."). <u>Common pretrial issues of claim construction and patent invalidity may also be adjudicated together</u> through the multidistrict litigation procedures of 28 U.S.C. § 1407. (citations omitted).

*EMC Corp.*, Dkt. No. 100, slip op. at 16 (emphasis added). Eastern District of Texas Local Rule CV-42(b) similarly provides: "[w]hen two or more actions are pending before a judge which involve . . . a common question of law or fact . . . that judge may order that all or part of the actions be consolidated."

The Fifth Circuit encourages consolidation of cases involving common questions of law or fact "to expedite trial and eliminate unnecessary repetition and confusion." *Miller v. U.S. Postal Serv.,* 729 F.2d 1033, 1036 (5th Cir. 1984). "Trial judges are urged to make good use of Rule 42(a) . . . where there is involved a common question of fact and law as to the liability of the defendant in order to expedite the trial and eliminate unnecessary repetition and confusion . .

. ." *Dupont v. Southern Pacific Co.,* 366 F.2d 193, 195 (5th Cir. 1966). Consistent with this view of the salutary effect of consolidation, *Mayfield v. American Auto. Ins. Co.,* No. 5:02-cv-00137, Dkt. No. 55 at 2 (N.D. Tex., May 27, 2003), recognizes the propriety of consolidation and articulates the following "list of factors" deemed to "militat[e] in favor of consolidation":

1. the cases proposed for consolidation are pending either before the same court for all purposes or between two different courts within the same judicial district;

2. the cases involve a common party;

3. the cases involve common issues of law;

4. the cases involve common issues of fact;

5. there is no risk of prejudice or possible confusion if the cases are consolidated, or, if there is any risk, it is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately;

6. consolidation will not result in an unfair advantage;

7. consolidation will conserve judicial resources;

8. consolidation will reduce the time for resolving the cases when compared to separate trials; and

9. consolidation will reduce the expense of trying the cases separately.

The Eastern District has granted, and the Fifth Circuit has upheld, consolidation on the basis of these and similar factors. *See, e.g., Allergan, Inc. v. Sandoz, Inc.* 2011 U.S. Dist. LEXIS 45577 at *8 (E.D. Tex., Apr. 27, 2011); *In re Universal Access, Inc.,* 2002 U.S. Dist. LEXIS 19872 at **8-10 (E.D. Tex., Aug. 23, 2002) (granting consolidation at least in part because there were common issues of law and fact and the motion was unopposed); *Miller, supra* at 1037 (remanding for consolidation "[i]n the interests of equity and judicial economy"); *Gentry v.*

*Smith,* 487 F.2d 571, 581 (5th Cir. 1973) ("Should the district court here choose to consolidate this action with [a related action], considerable confusion and repetition could be avoided"). Moreover, the Eastern District often grants consolidation in patent cases where, as here, the parties among the various actions are the same, the patents cover similar subject matter, and/or the same products are accused of infringement. *See, e.g., Allergan, supra* at *8; *Mediostream, Inc. v. Microsoft Corp.,* 2009 U.S. Dist. LEXIS 90952 at *11 (E.D. Tex., September 30, 2009).

Other courts also have recently followed the same procedure proposed by LBSI. In *InvestPic, LLC v. SAS Institute, Inc.*, Civil Action No. 10-1028 (D. Del. May 15, 2012), for example, the court granted a defendant's motion to sever in view of the *EMC* decision, but consolidated that severed action with the action from which it was severd, explaining that:

> In view of the fact that the case against SAS has been severed, but obviously has various common questions of law and fact with the case against the other fourteen defendants, I will consolidate it for all purposes, other than having a joint trial, with the case against the rest of the defendants, without prejudice to the defendant seeking relief from this order for any appropriate reason.

*Id*.at 11-12. Similarly, in *Interval Licensing LLC v. AOL, Inc., et al.*, Civil Action No. C10-1385 (W.D. Wash. April 29, 2011), the court also granted the eleven defendants' motion to sever based upon misjoinder (finding dismissal an improper remedy), but simultaneously consolidated the eleven actions for all pretrial proceedings and for trial pursuant to Rule 42(a). *Id*. at 4.

The Movants cannot credibly argue that consolidation of the claims against them and the other Defendants sued in this lawsuit is improper. This litigation has efficiently proceeded on a consolidated basis since its commencement more than a year and a half ago.

Thus, the Movants' request for severance should be granted but those severed actions should be simultaneously consolidated with LBSI's claims against the other Defendants in this

lawsuit for pretrial purposes. The Court's determination regarding which Defendants should be tried together should await a more complete record regarding the parties' claims and defenses.

Dated: July 16, 2012  Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:  */s/ Eric W. Buether*
Eric W. Buether
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Brian A. Carpenter
State Bar No. 03840600
Brian.Carpenter@BJCIPLaw.com
Niky Bukovcan
State Bar No. 24078287
Niky.Bukovcan@BJCIPLaw.com
Mark D. Perantie
State Bar No. 24053647
Mark.Perantie@BJCIPLaw.com

1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
Telephone:  (214) 466-1278
Facsimile:  (214) 635-1831

**ATTORNEYS FOR PLAINTIFF LBS INNOVATIONS LLC**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 16th day of July 2012. Any other counsel of record will be served by facsimile transmission and first class mail.

                                                                */s/ Eric W. Buether*
                                                                Eric W. Buether