IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LBS INNOVATIONS LLC, § § *Plaintiff,* § § v. § § AARON BROTHERS, INC.; *et al.*, § § *Defendants.* § | Civil Action No. 2:11-cv-00142-MHS Jury Trial Demanded |

**PLAINTIFF LBS INNOVATIONS LLC'S RESPONSE TO THE MOTION TO STRIKE INDIRECT INFRINGEMENT ALLEGATIONS FILED BY DEFENDANTS COMERICA INCORPORATED AND WHOLE FOODS MARKET, INC.**

Plaintiff LBS Innovations LLC ("LBSI") files this Response to the Motion to Strike Indirect Infringement Allegations, Dkt. 220, filed by Comerica Incorporated ("Comerica") and Whole Foods Market, Inc. ("Whole Foods") (Defendants Comerica and Whole Foods are collectively referred to as the "Movants"). The Movants' motion should be denied because LBSI properly amended its infringement contentions pursuant to Local Patent Rule 3-6(a)(1) in response to an unexpected claim construction ruling by the Court.

**INTRODUCTION**

This lawsuit involves LBSI's claims that the Defendants infringe U.S. Patent No. 6,091,956 (the "`956 Patent"). The invention disclosed in the `956 Patent relates to a "system for providing services and time-critical information about places and events" to users of computer devices. `956 Patent, Abstract. In particular, the claimed "Situation Information System" pertains to "information about events or conditions associated with places" which the user of a computer device may encounter or consider visiting. Patent, Col. 4:33-47. In one embodiment, "the situation information system provides users with up-to-date map-tracking information

relating their location to events and situations as well as enabling them to respond in a timely manner." `956 Patent, Col. 4:48-51.

LBSI served it original infringement contentions on June 27, 2011. With respect to Defendant Comerica, LBSI asserted that Comerica directly infringed Claim 11 of the `956 Patent by making available to users of its website its "Comerica Branch/ATM Locator" functionality. *See* Exhibit A. Similarly, with respect to Whole Foods, LBSI asserted that Whole Foods directly infringed Claim 11 of the `956 Patent by making available to users of its website its "Store Locator" functionality. *See* Exhibit B. LBSI generally contended that Comerica and Whole Foods each directly infringed Claim 11 by enabling a user of its accused locator functionality to enter a search criteria causing a database "of unique mappable information code sequences" maintained by the Defendant to be searched based on the user-entered search criteria. LBSI further contended that Comerica and Whole Foods directly infringed by causing the user's computer to display a map containing timely situation information based on the user-entered search criteria.

During claim construction proceedings, LBSI argued that the phrases "a computer" and "said computer" used in the asserted claim should be construed to mean "one or more computers" and "at least one of the one or more computers," respectively. *See* LBSI Opening Claim Construction Brief, Dkt No. 172, at 14. LBSI based this proposed construction on the well-established Federal Circuit case law holding that "an indefinite article 'a' or 'an' in patent parlance carries the meaning of 'one or more' in open-ended claims containing the transitional phrase 'comprising.'" *Baldwin Graphic Sys., Inc. v. Sibert, Inc.*, 512 F.3d 1338, 1342 (Fed. Cir. 2008). Defendants proposed that no construction is necessary. Dkt. No. 178 at 9. Alternatively, Defendants proposed that these terms mean "the user's computer." *Id.*

In February 2012, the Court issued its claim construction ruling. The Court construed "said computer" in step c of the claim to mean "the same computer that performs the other steps recited in the claim." Dkt. No. 195 at 14. As pointed out above, neither party suggested this claim construction. Furthermore, given that the Court's construction of "a computer" limited the language to the same computer that performs the other steps recited in the claim, contrary to the rule discussed above that an indefinite article "a" or "an" in a patent claim carries the meaning of "one or more," the Court's construction was unexpected by LBSI.

On March 19, 2012, pursuant to Local Patent Rule 3-6(a)(1), LBSI served amended infringement contentions (the "Amended Infringement Contentions") in response to the Court's construction of the term "a computer/said computer." Given that the Court's claim construction required the same computer to perform not only the "displaying" step c, but also the "searching" and "converting" steps a and b, LBSI added two indirect infringement theories contending that the Defendants induced users of their accused locator website functionalities to infringe Claim 11 directly through the use of the user's computer. One indirect infringement theory is based upon the user's computer causing a Defendant's servers to perform the steps of the claimed method (Exhibit B to the Amended Infringement Contentions). The other indirect infringement theory is based upon the fact that the browser of a user's computer performs the steps of the claimed method on the user's computer. *See* Exhibits C and D.

Significantly, the nature of the "searching," "converting," and "displaying" accused by LBSI in its Amended Infringement Contentions is the same as that accused in its original infringement contentions. The only material change in LBSI's infringement contentions contained in the Amended Infringement Contentions are the contentions showing how the steps of the method are performed by the same computer – in this case, the user's computer, in order to

respond to the Court's unexpected claim construction limiting the meaning of "a computer" to a the same computer that performs the other steps recited in the claim. LBSI did not add any new claims or accused products in its Amended Infringement Contentions. LBSI amended its infringement contentions promptly after the Court's claim construction ruling and prior to any deposition discovery conducted in this case. Neither Comerica nor Whole Foods raised any objection to LBSI's Amended Infringement Contentions for three months after they were served, and only these two Defendants belatedly raise an objection now.[1]

## ARGUMENT

Local Patent Rule 3-6(a)(1) states:

> If a party claiming patent infringement believes ***in good faith*** that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Amended Infringement Contentions" without leave of court that amend its "Infringement Contentions" with respect to the information required by Patent R. 3-1(c) and (d).

This exception allows parties to respond to an unexpected claim construction by the Court. *Nike, Inc. v. Adidas Am. Inc.,* 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007). The Local Rule, therefore, requires that the party have a "good faith" belief that the claim construction requires the amendment.

As explained above, LBSI had a good faith belief that the Court's construction of the term "a computer/said computer" required the amendment of its infringement contentions to add the indirect infringement theories accusing the user of the accused locator functionality of direct infringement and the Defendants of inducing that infringement. The Court's construction of this

---

[1] One Defendant, Rug Doctor, sent LBSI's counsel a letter in April challenging LBSI's right to amend its infringement contentions in view of the Court's claim construction ruling. *See* Exhibit E. Rug Doctor did not pursue this complaint further after LBSI explained the basis for its right to amend its infringement contentions. *See* Exhibit F.

claim language was not proposed by either side. Moreover, the Court's claim construction deviated from the general rule that an indefinite article "a" or "an" in a patent claim carries the meaning of "one or more." Thus, the Court's construction of this term was unexpected. Movants' argument that "[t]he Court construed each claim based upon the proposed constructions submitted by the parties," Dkt No. 220 at 3, is clearly false and exceeds the bounds of zealous advocacy. Other than this baseless statement, the Movants entirely fail to address LBSI's right to serve the Amended Infringement Contentions under Local Patent Rule 3-6(a)(1).

This Court's decision in *SSL Services, LLC v Citrix Systems, Inc.*, Civil Action No. 2:08-cv-158-JRG (Eastern District of Texas March 16, 2012) is directly on point. In that case, the Court denied the defendant's motion to strike amended infringement contentions. The plaintiff served amended infringement contentions after the Court issued a claim construction ruling pursuant to Local Patent Rule 3-6(a). The Court found that the amended infringement contentions were properly served under that rule, pointing out that "Judge Ward's constructions of the three terms at issue were not included in either party's proposed definitions of claim terms or its *Markman* briefings." *Id*. at 4. The Court further held that "the Court is convinced that the constructions adopted by the Court were sufficiently 'different' to justify amendment under the good faith standard of Local Patent Rule 3-6(a)(1)." *Id*. Similarly, in this case, the Court's construction of the term "a computer/said computer" was home-grown and did not adopt a construction proposed by either side and was sufficiently 'different' from those proposed construction to justify amendment under the good faith standard of Local Patent Rule 3-6(a)(1).

The Court in *SSL* also ruled that, "assuming *arguendo* that the claim constructions adopted by Judge Ward were not sufficiently unexpected to warrant amendment without leave of

court under Local Patent Rule 3-6(a)(1), SSL has shown "good cause" for the Court to grant SSL leave to amend its infringement contentions under Local Patent Rule 3-6(b)." *Id*. The same is true in this case. Even if LBSI were not entitled to amend its infringement contentions as a matter of right under Local Patent Rule 3-6(a)(1), it certainly has demonstrated "good cause" to amend those contentions in the manner which it did.

"The Court has broad discretion to allow amendments to infringement contentions and considers four factors on ruling on motions for leave to do so: (1) the explanation for the party's failure to meet the deadline; (2) the importance of what the Court is excluding; (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Alexsam, Inc. v. IDT Corp.,* No. 2:07-cv-420, 2011 WL 108725, at *1 (E.D. Tex. Jan. 12, 2011); citing *S & W Enters. L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003).

In this case, as in *SSL*, each of the four "good cause" factors weighs in favor of granting LBSI leave to amend. As discussed above, the Court's claim construction ruling regarding "a computer/said computer" was significantly different from either party's proposed construction. LBSI timely served it Amended Infringement Contentions after the Court issued its ruling.

LBSI's indirect infringement contentions are important to its case. Indirect infringement is the only infringement theory the Court's claim construction permits for the public use of the Defendants' accused locator functionality.

Additionally, the Movants do not point to any genuine prejudice they will suffer from allowing LBSI's Amended Infringement Contentions. No deposition discovery had been taken at the time LBSI served its Amended Infringement Contentions in March 2012, and no additional discovery is required due to those amended contentions. Movants' rhetoric about LBSI

"concealing" its indirect infringement contentions or "sandbagging" them regarding these contentions is false and regrettable. The Movants have had ample time to analyze those amended contentions and modify their litigation strategy to the extent necessary.

The Movants complain that they have somehow been "deprived . . . of the opportunity to timely obtain an opinion of counsel that could defeat LBS' inducement claims." Dkt. No. 220 at 1. The Movants, however, fail to explain why they could not obtain an opinion counsel after LBSI served its Amended Infringement Contentions. According to the Movants, a plaintiff could never amend its pleadings or infringement contentions to add a claim for indirect infringement under this theory. Movants' "opinion of counsel" argument is frivolous.

Similarly, Movants fail to explain the basis for their contention that they did not have time to conduct "time consuming surveys" (Dkt. No. 220 at 7) after receiving LBSI's Amended Infringement Contentions in March 2012.

Movants also complain that "LBS has never sought leave to amend the pleadings to assert indirect infringement by Comerica and Whole Foods." Dkt. No. 220 at 6. LBSI, however, filed a motion for leave to amend its complaint and assert its indirect infringement theories on June 26, the day before Movants filed their motion to strike. *See* Dkt. No. 217. Although Movants contend that they have somehow been deprived of "an opportunity to challenge any amended pleadings," Dkt. No. 220 at 6, there is no deficiency in LBSI's indirect infringement contentions from a pleading or infringement contention standpoint. LBSI's Amended Infringement Contentions provide Movants with a detailed description of the factual basis for their indirect infringement contentions.

Indeed, the Movants' entire contention that they have suffered prejudice from LBSI's Amended Infringement Contentions is belied by the fact that they did not make any complaint about these amended contentions for three months after they were served upon them.

Finally, as in *SSL*, the final factor, the availability of a continuance, is not relevant here. No additional discovery is necessary and no expert reports will require amendment or supplementation jeopardizing the current trial setting.

## CONCLUSION

Comerica's and Whole Foods' motion to strike LBSI's Amended Infringement Contentions should be denied because LBSI's Amended Infringement Contentions are proper as LBSI has met the "good faith" requirement under Local Patent Rule 3-6(a)(1).  Moreover, LBSI also has established "good cause" to amend its infringement contentions under Local Patent Rule 3-6(b) according to the applicable four-factor test.

Dated: July 16, 2012                              Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:  */s/ Eric W. Buether*
     Eric W. Buether
     State Bar No. 03316880
     Eric.Buether@BJCIPLaw.com
     Christopher M. Joe
     State Bar No. 00787770
     Chris.Joe@BJCIPLaw.com
     Brian A. Carpenter
     State Bar No. 03840600
     Brian.Carpenter@BJCIPLaw.com
     Niky Bukovcan
     State Bar No. 24078287
     Niky.Bukovcan@BJCIPLaw.com
     Mark D. Perantie
     State Bar No. 24053647
     Mark.Perantie@BJCIPLaw.com

       1700 Pacific Avenue, Suite 4750
       Dallas, Texas 75201
       Telephone:   (214) 466-1278
       Facsimile:    (214) 635-1831

**ATTORNEYS FOR PLAINTIFF LBS INNOVATIONS LLC**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 16th day of July 2012. Any other counsel of record will be served by facsimile transmission and first class mail.

                                              */s/ Eric W. Buether*
                                              Eric W. Buether