# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LBS INNOVATIONS LLC, § § Plaintiff, § § v. § § AARON BROTHERS, INC., § ACADEMY LTD. DBA ACADEMY § SPORTS + OUTDOORS; ADAMS GOLF § INC.; ADAMS GOLF, LTD.; COMERICA § INCORPORATED; COMPUSA.COM INC.; § CONN'S INC.; FOSSIL INC.; GAMESTOP § CORP. DBA GAMESTOP CORP. OF § DELAWARE; HOMESTYLE DINING LLC; § HOTELS.COM, L.P.; PIER 1 IMPORTS, § INC.; RUG DOCTOR, INC.; STAGE § STORES INC.; TIGERDIRECT, INC.; AND § WHOLE FOODS MARKET, INC., § § Defendants. § § | Civil Action No. 2:11-cv-00142-MHS Jury Trial Demanded |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO SUMMARY JUDGMENT MOTION**

Defendants Academy Ltd. ("Academy"), Adams Golf, Ltd. ("Adams Golf"),[1] Comerica, Inc. ("Comerica"), CompUSA.com Inc. ("CompUSA"), TigerDirect, Inc. ("Tiger Direct"), Hotels.com, L.P.,[2] Rug Doctor, Inc. ("Rug Doctor") and Whole Foods Market, Inc. ("Whole Foods") submit this memorandum in opposition to Plaintiff LBS Innovations LLC's ("LBSI") Emergency Motion for Extension of Time to File Response to Summary Judgment Motion ("Motion") (Dkt. # 259).

I.  INTRODUCTION

In its Motion, LBSI repeatedly declaims that this Court "will not tolerate gamesmanship." Defendants request that the Court make good on that maxim here – LBSI's Motion distorts the record, creates supposed discovery deficiencies out of thin air and asserts without any foundation that LBSI's remaining last-minute discovery is somehow related to the largely undisputed issues presented in Defendants' Motion for Summary Judgment of Non-Infringement (Dkt. # 254) ("Summary Judgment Motion"). LBSI has no valid excuse for its failure to timely oppose Defendants' Summary Judgment Motion. LBSI has no valid excuse for waiting until after its deadline had passed to file its Motion. LBSI has no valid complaints regarding discovery and no basis to oppose summary judgment. LBSI's efforts to shift blame to Defendants for its failures should be rejected.

LBSI's Motion may be denied for two independent reasons.[3] First, LBSI cannot show that it has been diligent with respect to discovery. The deadline of August 2, 2012 to file

---

[1] In its Motion, LBSI does not set forth any facts specific to Adams Golf. However, for the same reasons set forth herein, Adams Golf joins Defendants in requesting that the Court deny LBSI's Motion in its entirety.

[2] Defendant Hotels.com joins this response and also contemporaneously submits a brief separate opposition to set forth and emphasize certain facts.

[3] LBSI requests relief under both Rule 56(d) and 56(f). (Dkt. # 259 at 2, 8-9.) Rule 56(f) is not relevant to this Motion, and former Rule 56(f) has been moved to subsection (d). *Guidry v.*

Footnote continued on next page

summary judgment and the response deadline of August 20, 2012 were set over a year ago. (*See* Dkt. # 120 (July 20, 2011 scheduling order)).) Further, LBSI knew the specific basis for Defendants' Summary Judgment Motion by March 28, 2012, when Defendants timely filed a letter brief requesting permission to file for summary judgment of non-infringement. (Dkt. # 201.) LBSI responded to that letter brief, and never indicated that additional discovery was necessary. (Dkt. # 208.) In fact, LBSI sought no deposition discovery and made no assertions regarding supposed deficiencies in Defendants' document and interrogatory responses until June 29, 2012 – one business day before discovery was scheduled to close in this matter. On that date, LBSI served multiple Rule 30(b)(6) notices to Defendants containing overbroad topics of requested testimony on every factual issue in this case. Then, after the Court granted LBSI a short extension to August 3, 2012 to complete discovery (Dkt. # 249), LBSI took advantage of this respite to additionally serve twenty-four new <u>individual</u> deposition notices to Defendants on July 18, 2012. LBSI unilaterally noticed all of these depositions without regard to witness or counsel availability. Despite this, Defendants have largely been able to comply with LBSI's unreasonable demands. As explained in more detail below, this record does not support a finding that LBSI has acted diligently in discovery, as required.

Second, independent of the mess that LBSI has made of discovery, LBSI cannot justify the grant of any relief under Rule 56(d) because LBSI fails to – and cannot – show that any supposedly missing discovery has any bearing on the pending Summary Judgment Motion. LBSI has had access to Defendants' source code and the HTML code behind Defendants' accused websites for many months. Indeed, LBSI specifically incorporated this information into

---

Footnote continued from previous page
*Georgia Gulf Lake Charles L.L.C.*, No. 11-30561, 2012 WL 2735332, at *2 n.4 (5th Cir. July 9, 2012). For purposes of this motion, Defendants are operating under the assumption that LBSI intended to request relief under Rule 56(d) only.

2

its infringement contentions. And now, the Court's claim construction as applied to the facts cited in LBSI's own infringement contentions confirms that LBSI cannot make out an infringement case here. No additional discovery will change these facts. None of the discovery LBSI has completed to date – including the July 25, 2012 deposition of a Google engineer regarding the actual Google Maps software underlying the infringement issues in this case – has provided any evidence to the contrary. For relief under Rule 56(d), LBSI is expressly required to "show[] *by affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition …." Here, however, LBSI has not filed any such affidavit or declaration in its "emergency" Motion setting forth any supposed essential facts. And, LBSI cannot file any such affidavit or declaration, because no such facts exist. LBSI's various aspersions regarding discovery are merely a poor attempt to shift blame to Defendants for its own failures. Defendants request that the Court deny LBSI's Motion.

## II.     BACKGROUND

The following undisputed facts demonstrate LBSI's lack of diligence and LBSI's casual disregard for this Court's scheduling orders:

- LBSI filed its Complaint on March 4, 2011. (Dkt. # 1.)

- On July 20, 2011, this Court entered a Scheduling Order for the case, setting an October 1, 2012 pretrial conference and ordering that all fact discovery *be completed* 90 days before that conference (July 2, 2012). (Dkt. # 120 at 5-6.)

**LBSI Sought Minimal Discovery Prior to June 2012**

- On October 5, 2011, LBSI served its "First Set Of Common Interrogatories (Nos. 1-9) To Defendants Collectively." On November 7, 2011, Academy, Adams Golf, Comerica, CompUSA, TigerDirect, Rug Doctor and Whole Foods responded to LBSI's interrogatories. Hotels.com responded on November 30, 2011.

- On October 12, 2011, LBSI served document requests on the Defendants. The Defendants responded in November 2011: Academy and Rug Doctor (Nov. 14, 2011); Whole Foods (Nov. 15, 2011); CompUSA and Tiger Direct (Nov. 16, 2011); Comerica (Nov. 17, 2011); Hotels.com (Nov. 30, 2011).

3

- Whole Foods and Comerica produced documents in response to LBSI's requests in late 2011 and early 2012. Whole Foods and Comerica's HTML code has been available to LBSI since at least the commencement of this matter. In addition, Whole Foods' production included source code for the Accused Instrumentality and Comerica made its source code available for inspection on August 31, 2011. With respect to Comerica, it was not until eleven months later, on July 30, 2012 – just days before the extended August 3 discovery deadline – that LBSI took up the offer to inspect Comerica's code.

- Academy produced documents responsive to LBSI's requests months ago, and supplemented its production recently. Academy also produced what limited source code it had available on August 21, 2011.

- In responding to the requests for production, Rug Doctor identified responsive documents and made them available for inspection as of November 14, 2011. LBSI never contacted Rug Doctor to inspect any of these documents until June 2012. Notwithstanding LBSI's failure to inspect, Rug Doctor produced its documents to LBSI on June 26 and June 29, 2012. In addition, though Rug Doctor had identified a third-party vendor in its Rule 26(a)(1) disclosures as the entity responsible for its store locator functionality, LBSI failed to seek any discovery until June 30, 2012 when it served a document subpoena on one of the vendor's employees.

- Tiger Direct and CompUSA identified in its initial interrogatory responses that the store locator functionality was performed by third party Blipstar.com and thus neither Defendant had any technical documents or source code related to store locator software. LBSI never sought discovery from Blipstar.com.

- From October, 2011 until June 29, 2012, LBSI sought no additional discovery from the Defendants. LBSI served no document requests; it served no interrogatories; it sought no depositions.

- LBSI wrote no letters concerning Defendants' discovery responses or document productions, and it asked for no conferences concerning any alleged deficiencies in Defendants' document productions.

**LBSI Served New Discovery Requests Mere Days Before Fact Discovery Closed**

- On June 29, 2012, one business day before the close of fact discovery, LBSI served two Rule 30(b)(6) deposition notices on each Defendant. The notices, which contained a total of 24 topics per Defendant, sought depositions between July 17 and August 9. Defendants objected, on the grounds that this Court had ordered that all fact discovery *be complete* by July 2. At least one Defendant, Academy, was forced to move for a protective order to stop the depositions from going forward until the Court determined whether fact discovery would extend past July 2. (*See* Dkt. # 243.)

4

### LBSI Requested That The Court Extend The Fact Discovery Deadline

- On July 6, 2012, after the July 2 deadline for completion of fact discovery had passed, LBSI filed a motion seeking a two-month extension of the fact discovery deadline, as well as several other extensions. (Dkt. # 230.)

- On July 17, 2012, the Court granted a one-month extension, setting August 3, 2012 as the deadline for completion of all fact discovery. The Court also modified the summary judgment deadline by one day, making motions due August 3 instead of August 2. (Dkt. # 249.) That change did not impact the date for LBSI's opposition.

### LBSI Noticed Additional Depositions And Demanded Other Discovery During The Extended Discovery Period

- After the Court granted the extension, LBSI announced that it intended to move forward with the noticed Rule 30(b)(6) depositions.[4] Defendants began conferring with LBSI to schedule dates and locations for the depositions.

- For its Rule 30(b)(6) witnesses, Academy offered dates that would have permitted LBSI to complete the depositions prior to the August 3 fact discovery deadline. LBSI's counsel indicated that it was not available. (*See* Exhibit 1.) One Academy deposition was completed on August 16, 2012, and the second is being rescheduled to late August due to illness.

- Comerica's Rule 30(b)(6) witness, Luke Pearson, was deposed on August 2, 2012.[5]

- Whole Foods offered its Rule 30(b)(6) witness for deposition on August 17, 2012 (three days before LBSI's summary judgment opposition was due), but LBSI refused, citing scheduling conflicts. (*See* Dkt. # 259 at 6 n 4.) The deposition occurred on August 23, 2012.

---

[4] Several Defendants, including Academy, Comerica, Rug Doctor and Whole Foods, objected to many of the Rule 30(b)(6) topics served by LBSI as improper, on a number of grounds. For example, at least 7 topics concerned "the identity and location of all documents" concerning certain subjects, which were overly broad requests for which it would be unduly burdensome for Defendants to prepare a witness. Several other topics requested legal contentions for issues in this case, which are not proper subjects for a Rule 30(b)(6) witness. Defendants' counsel offered several times to confer with LBSI on these issues, including in advance of the depositions, but LBSI's counsel made no attempt to do so. It cannot now be heard to complain. (*See, e.g.*, Dkt. # 259 at 5-6 ("Comerica has refused to produce corporate representatives to testify regarding all topics….").)

[5] Though it complains that Comerica's representative was unable to answer several questions on topics for which he was designated (Dkt. # 259 at 6), LBSI does not identify those topics. However, from the deposition transcript pages filed by LBSI (Dkt. # 260), it appears that LBSI's complaints are directed towards prior versions of the store locator that LBSI has not accused or provided infringement contentions for.

5

- Rug Doctor has informed LBSI that one of its Rule 30(b)(6) witnesses is available for deposition on September 26 and is working with LBSI to schedule the other witness.

- On July 18, 2012, LBSI noticed the deposition of twenty-four additional witnesses pursuant to Rule 30(b)(1). According to the deposition notices, all twenty-four depositions were to occur in a 7-day time period (with as many as six depositions in any one day), and all were set to begin at 9:00 a.m. at LBSI's counsel's office in Dallas, Texas. (*See* Exhibit 2.) In noticing those depositions, LBSI paid no heed to the witnesses' schedules or locations, or to the schedules of Defendants' counsel.

- Upon receiving the notices, Defendants immediately reached out to their witnesses to determine availability, and provide potential deposition dates or a response to LBSI.

- Comerica offered its witness Luke Pearson for deposition on August 2, 2012 in an individual capacity and as a Rule 30(b)(6) witness on several of LBSI's noticed topics. LBSI has now confirmed that it no longer wishes to depose Julee Strong.[6]

- Whole Foods offered its employee Joseph Alfano for deposition in Austin, Texas (where he resides and works). The deposition occurred on August 22. Whole Foods also confirmed with LBSI's counsel that another noticed witness, Ben Odom, was no longer employed at Whole Foods.

- LBSI attempted to notice an employee of Rug Doctor's third-party vendor and a former Rug Doctor employee for depositions. Rug Doctor informed LBSI that the individual were not under Rug Doctor's control and that LBSI would need to contact them directly. As far as Rug Doctor is aware, LBSI has not done so.

- Rug Doctor has informed LBSI that two of the individuals noticed for depositions (and under Rug Doctor's control) will be available for deposition on September 11 and 12. LBSI has not informed Rug Doctor if those dates will work.

- Tiger Direct and CompUSA offered to produced 30(b)(6) witnesses between August 1 and August 3 and LBSI advised it was unable to proceed on these dates. (*See* Exhibit 4). The 30(b)(6) depositions of Lonny Paul and Michael Delgado, employees of parent entity Systemax. Inc., occurred on August 8. Regarding the contention that Tiger Direct and CompUSA have not scheduled a date for Eric Wahner's deposition, LBSI never sought a date for his deposition after Tiger Direct/CompUSA represented it would not call Mr. Wahner at trial.

---

[6] LBSI mistakenly lists Ms. Strong as a Whole Foods employee it its Motion (Dkt. # 259 at 6). LBSI also suggests that Comerica initially refused to offer any dates. That assertion is demonstrably false. On July 23 and July 26, 2012, Comerica's counsel informed LBSI that, after an inquiry, Comerica had determined that Ms. Strong does not have any personal information related to the issues in this case. LBSI responded that it would take her deposition anyway, and the parties confirmed the deposition for August 30, 2012 in Auburn Hills, Michigan. However, on August 23, 2012, LBSI confirmed that it would not take Ms. Strong's deposition.

6

- One Academy deposition (presenting the witness as a 30(b)(6) representative as well as in her individual capacity as noticed) was completed on August 16, 2012, and the second (also in the same capacity) is being rescheduled to late August due to illness.

### LBSI Still Has Not Identified Any Document Production Deficiencies

- The first letter from LBSI's counsel regarding document productions was dated July 30, 2012 (*see* Exhibit 3 (generally requesting Defendants "supplement" their document productions but setting forth no purported deficiencies)), and accompanied LBSI's request to extend fact discovery and other case deadlines by months. (*Id.*)

- Despite repeated requests from the Defendants, as well as offers to confer, LBSI has never specifically identified for any Defendant any documents that are purportedly missing from their productions, or document requests that it believes Defendants did not adequately respond to.

### LBSI Had Ample Notice Of Defendants' Summary Judgment Motion

- On March 28, 2012, Whole Foods and Comerica filed a letter brief seeking permission to file for summary judgment of non-infringement (Dkt. # 201), which set forth the anticipated grounds of the motion (Dkt. # 201-1) that the Defendants ultimately moved on: "timely situation information" and "said computer." (*See also* Dkt. # 212, May 15, 2012 letter brief filed by the other Defendants, requesting leave to file summary judgment.) The Court granted Defendants' requests on June 27, 2012. (Dkt. # 218.)

- Defendants filed their Motion for Summary Judgment of Non-Infringement on August 3, 2012, the date set by the Court for the filing of dispositive motions. (Dkt. # 249 at 1.)

- On the afternoon of August 20, 2012, the day that its opposition to Defendants' Summary Judgment Motion was due, LBSI's counsel emailed Defendants, requesting an extension of time. (Dkt. # 259-1 at 2.) In that email, LBSI did not commit to any date by which it would file its opposition. Defendants did not consent. (*Id.* at 1.)

- LBSI let the August 20, 2012 deadline pass. It was not until the next day, August 21, 2012, that LBSI sought relief from the Court. In its Motion, LBSI requested an extension to September 10, 2012.

III. **ARGUMENT**

    A. **Because LBSI Was Not Diligent In Pursuing Discovery, No Relief Is Available Under Rule 56(d)**

Rule 56(d) provides that a Court may allow time to take discovery for summary judgment purposes if the party requesting relief "shows by affidavit or declaration that, for specified

7

reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(2). However, where a party "has not diligently pursued discovery … [it] is not entitled to relief" under the Rule. *See Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (discussing former Rule 56(f)); *Guidry*, 2012 WL 2735332 at *2 (citing *Beattie*).

LBSI was *not* diligent and it makes no attempt in its Motion to argue otherwise.[7] LBSI's case was pending for sixteen months before it noticed any Rule 30(b)(6) depositions, and it did so three days before the original July 2, 2012 close of fact discovery (requesting depositions after the close of fact discovery). LBSI then waited until July 18, 2012 to request an additional twenty-four depositions, which were all noticed to occur within 7 business days.[8] LBSI again waited, this time until July 30, 2012, before generally requesting that all Defendants "supplement [their] document production and responses to interrogatories" without ever identifying any purported deficiencies (indeed, it still has not done so). (*See* Exhibit 3.) Though LBSI attempts to divert blame to Defendants for the quandary that it now finds itself in – "unable to provide an adequate response" to Defendants' Summary Judgment Motion (Dkt. # 259 at 2, 9) – the record here is clear. LBSI had more than a year's notice of the summary judgment deadlines (Dkt. #

---

[7] The word "diligent" appears one time in LBSI's Motion, when it argues that it "has diligently taken the depositions of Defendants' witnesses when offered by Defendants without hesitation or delay." (Dkt. # 259 at 2.) As described herein, that is not the standard for diligence under Rule 56(d), particularly when LBSI failed to *notice* those depositions in a timely fashion.

[8] While LBSI suggests to the Court that it would have "mov[ed] forward with the scheduled depositions on the dates noted," this suggestion borders on the absurd. LBSI noticed five depositions for July 30, and six for July 31. (*See* Exhibit 2.) It noticed eight more for August 1 and August 2. However, when CompUSA and TigerDirect offered August 2 for its deposition, LBSI's counsel responded "[w]ith respect to the date, we have court hearings on August 1st-3rd and would like to avoid those dates." (Exhibit 4; *see also* Exhibit 1 (rejecting offer to present Academy witness on July 31 and August 1).) LBSI may have *noticed* all of these depositions for dates within the extended discovery period, but the only record evidence establishes that LBSI had no intention of completing this discovery within the extended schedule.

8

120, and it had all of that time to seek to take the discovery that it now claims is "essential to its case."[9]  (*See* Dkt. # 259 at 8.)  It failed to do so.

LBSI's lack of *any* diligence precludes the relief that LBSI seeks, and on that basis, LBSI's Motion should be denied.  *Beattie*, 254 F.3d at 606 (where plaintiff had several months to depose witnesses, but did not, suspension of discovery was at her "own risk" and did not warrant relief); *see also Spencer v. U.S.*, 463 Fed. Appx. 368, 372-3 (5th Cir. Mar. 2, 2012) (court did not abuse discretion in denying agreed-to motion for continuance where September 2010 discovery order set dispositive motion deadline for June 2011 and record was devoid of evidence that plaintiff was active in seeking discovery); *Guidry*, 2012 WL 2735332 at *2 (district court did not err in denying Rule 56(d) motion where appellant had not diligently pursued discovery); *De Lage Landen Financial Services, Inc. v. Dahlhauser*, No. 11-60692, 2012 WL 1758577, at *2 (5th Cir. May 17, 2012) (affirming denial of Rule 56(d) request where party had "elected to minimize litigation expenses by not conducting any discovery prior to the lapse of the deadline"); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir. 1994) (district court did not abuse its discretion in denying Rule 56(f) continuance where party "undertook no discovery for more than one year, and deposed some witnesses only shortly before summary judgment").

### B. LBSI Has Not Identified Any Grounds For Relief Under Rule 56(d)

Even if LBSI could demonstrate to the Court that it diligently pursued discovery prior to the August 20 deadline to file its summary judgment opposition (it cannot), it has made no

---

[9] As set forth in Parts II and III(B), LBSI's claim that it lacks "essential" discovery related to infringement is baseless.  Defendants produced or made available documentation concerning the operation of the Accused Instrumentalities – including source code – well in advance of the original July 2, 2012 fact discovery deadline and the August 20, 2012 deadline for LBSI to file its opposition to Defendants' Summary Judgment Motion.  LBSI has yet to identify the purported "highly relevant documents" that it contends have not been produced.

9

attempt to meet the additional hurdles imposed by Rule 56(d). The party moving for relief must show (1) why it needs the additional discovery, and (2) how that discovery will create a genuine issue of material fact to defeat summary judgment. *See Beattie*, 254 F.3d at 606. The moving party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Id*. (internal quotations omitted).

Here, LBSI has not met its burden. LBSI offers only "vague assertions" and "unspecified facts" in support of its Motion that the Fifth Circuit has cautioned against. For example:

- That it requested depositions "regarding various topics, including topics relating to [its] allegations of infringement…" (Dkt. # 259 at 2);

- That it noticed the depositions of "certain witnesses … the majority of which are employees of the Defendants" (*id*. at 3); and

- That it is awaiting production of "highly relevant documents" (*id*. at 7, 8).

Yet, nowhere in its Motion does LBSI identify the specific information that it hopes to obtain through additional discovery, or describe how this discovery will create an issue of fact to overcome summary judgment. (*Id*. at 9.) As discussed in Defendants' Summary Judgment Motion, *LBSI's own infringement contentions* – which are based on undisputed publicly available information and source code – confirm that LBSI cannot make out a claim of infringement under this Court's claim constructions of "said computer" and "timely situation information." (*See, e.g.*, Dkt. # 254 at 1-2, 10-13, 14-18.) LBSI offers no explanation as to how deposition testimony – or, for that matter, some unidentified "infringement-related documents" – can overcome these foundational deficits in LBSI's infringement theories under the Court's claim construction.

For these reasons, LBSI's request for an extension to oppose Defendants' Summary Judgment Motion pursuant to Rule 56(d) should be denied.

### C. LBSI's Motion Is Untimely And Should Be Denied

LBSI provides no explanation in its Motion as to why it waited until August 21 – the day *after* its August 20 deadline to oppose Defendants' Summary Judgment Motion – before requesting relief from the Court. If LBSI believed that upcoming depositions were necessary for its opposition, it knew well before August 20 that at least some of those depositions would not be completed in time (as a result of its twelve-month delay in serving notices) and it could have moved the Court weeks ago. Instead, it waited until 3:00 p.m. Central on August 20, 2012 to even contact Defendants seeking an extension. (*See* Dkt. # 259-1 at 2 (requesting an extension and identifying depositions – not alleged document production issues – as the basis for the request).) Defendants responded within thirty minutes, rejecting LBSI's request and noting that the request was both untimely and baseless under Rule 56. (*Id*. at 1.) LBSI has not proffered any reason for its delay in seeking relief, and its Motion should therefore be denied.

### IV. CONCLUSION

For the reasons set forth above, LBSI's Motion should be denied, this Court should rule that LBSI failed to timely oppose Defendants' Summary Judgment Motion or seek relief from the Court, and summary judgment of non-infringement should be entered in Defendants' favor.

Dated:  August 28, 2012                    Respectfully submitted,

By : */s/ Sara P. Zogg*
Lance Lee
Attorney at Law
5511 Plaza Drive
Texarkana, TX 75503
Email: wlancelee@aol.com
Tel:  903-223-0276 / Fax: 903-223-0210

Matthew Wolf
matthew.wolf@aporter.com
John Nilsson (admitted *pro hac vice*)

11

       john.nilsson@aporter.com
       Sara Zogg (admitted *pro hac vice*)
       sara.zogg@aporter.com
       Arnold & Porter LLP
       555 Twelfth Street, NW
       Washington, DC 20004-1206
       Tel: 202-942-5000 / Fax: 202-942-5999

       Michael Berta (admitted *pro hac vice*)
       michael.berta@aporter.com
       Arnold & Porter LLP
       Three Embarcadero Center, 7th Floor
       San Francisco, CA 94111
       Tel : 415-471-3100 / Fax : 415-471-3400

       ATTORNEYS FOR DEFENDANTS
       COMERICA INCORPORATED AND
       WHOLE FOODS MARKET, INC.


By: */s/ Kirby B. Drake* (by permission)
   Darin M. Klemchuk
   State Bar No. 24002418
   Kirby B. Drake
   State Bar No. 24036502
   KLEMCHUK KUBASTA LLP
   8150 N. Central Expy., 10th Floor
   T: 214.367.6000
   F: 214.367.6001
   darin.klemchuk@kk-llp.com
   kirby.drake@kk-llp.com

   ATTORNEYS FOR DEFENDANT
   ACADEMY, LTD.


By: */s/ Jason D. Mazingo* (by permission)
   **POTTER MINTON, PC**
   Douglas R. McSwane, Jr.
   State Bar No. 13861300
   Jason D. Mazingo
   State Bar No. 2405925
   110 N. College
   500 Plaza Tower
   Tyler, Texas 75702
   Telephone: (903) 597-8311
   Facsimile: (903) 593-0846

        Edwin H Adams
Law Office of Eddie Adams
937 E. Main Street, Ste 208
Santa Maria, CA 93454
805-614-4264
805-614-9287 (fax)
adamse@adamsgolf.com

ATTORNEYS FOR DEFENDANT
ADAMS GOLF, LTD.


By :  */s/ Douglas R. Weider* (by permission)
Mary-Olga Lovett
Texas Bar No. 00789289
Federal Bar No. 17743
lovettm@gtlaw.com
GREENBERG TRAURIG, LLP
1000 Louisiana, Suite 1700
Houston, Texas 77002
Phone: (713) 374-3500
Fax: (713) 374-3505

Douglas R. Weider
200 Park Ave
Florham Park, NJ 07932
Phone: (973) 360-7900
Fax: (973) 295-1251
weider@gtlaw.com

Douglas R. McSwane, Jr.
State Bar No. 13861300
POTTER MINTON, PC
110 N. College, 500 Plaza Tower
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

ATTORNEYS FOR DEFENDANTS
COMPUSA.COM, INC. AND
TIGERDIRECT INC.


By :  */s/ Wasif Qureshi* (by permission)
Neil J. McNabnay
Texas Bar No. 24002583

13

        mcnabnay@fr.com
        Taj J. Clayton
        Texas Bar No. 24050427
        clayton@fr.com
        David B. Conrad
        Texas Bar No. 24049042
        conrad@fr.com
        FISH & RICHARDSON P.C.
        1717 Main Street, Suite 5000
        Dallas, TX 75201
        214-747-5070 (Telephone)

        Wasif Qureshi
        Texas Bar No. 24048155
        qureshi@fr.com
        FISH & RICHARDSON P.C.
        1221 McKinney Street, Suite 2800
        Houston, TX 77010
        713-654-5300 (Telephone)

        ATTORNEYS FOR DEFENDANT
        HOTELS.COM, L.P.


By :  */s/ Jason Schwent*  (by permission)
      Dean L. Franklin (admitted *pro hac vice*)
      dfranklin@thompsoncoburn.com
      Jason Schwent (admitted *pro hac vice*)
      jschwent@thompsoncoburn.com
      Thompson Coburn LLP
      One US Bank Plaza
      St. Louis, MO  63101-1693
      Telephone (314) 552-6000
      Facsimile (314) 552-7000

      Justin Kurt Truelove
      kurt@truelovelawfirm.com
      Truelove Law Firm, PLLC
      100 West Houston
      P.O. Box 1409
      Marshall, Texas 75671
      (903) 938-8321
      (903) 215-8510 (fax)

      ATTORNEYS FOR THE DEFENDANT
      RUG DOCTOR, INC.

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on August 28, 2012, a true and correct copy of the foregoing was filed via the Court's CM/ECF system, which will provide notice of such filing to all counsel of record.  Local Rule CV-5.

                */s/ Sara P. Zogg*