IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LBS INNOVATIONS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:11-cv-00142-DF |
| | § | |
| AARON BROTHERS, INC., *et al.*, | § | Jury Trial Demanded |
| | § | |
| | § | |
| Defendants. | § | |

**HOTELS.COM'S OPPOSITION TO LBSI'S EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

Defendant Hotels.com, L.P. hereby joins Defendants' opposition to Plaintiff LBS Innovations LLC's emergency motion for extension of time to file its response to Defendants' motion for summary judgment of non-infringement (Dkt. No. 268).

LBSI continues to show a disregard for the Court's deadlines by filing yet another after-the-deadline request for additional time. Its request should be denied. LBSI should not be rewarded for its continued failure to prosecute its case and to work diligently to meet the Court's deadlines. Moreover, this is only an "emergency" because LBSI continues to flout the Court's deadlines, thereby imposing unnecessary burdens on the Court and other parties. In joining Defendants' opposition at Dkt. No. 268, Hotels.com further emphasizes and notes the following:

- Discovery had been open for well over a year. This lawsuit was filed in March 2011 and discovery was underway by June 2011.

- The Court's initial docket control order set a deadline for fact discovery to be completed by no later than July 2, 2012. (Dkt. No. 120)

- LBSI served initial written discovery requests in October 2011, and Hotels.com served its responses in November 2011.

- Hotels.com made its source code available in early 2012.

- Up until and through July 2, 2012, LBSI took no other discovery of Hotels.com, made no complaints about discovery deficiencies, and did not inspect Hotels.com's source code.

- 4 days after the July 2, 2012 deadline passed, only then did LBSI seek additional time from the Court to conduct fact discovery. (Dkt. No. 230) The Court granted a partial extension to August 3, 2012 and issued an amended docket control order. (Dkt. No. 249).

- Defendants timely filed their motion for summary judgment of non-infringement on August 3, 2012. (Dkt. No. 254) ***LBSI was on notice of the substantive issues in that motion as early as March 28, 2012***, when Comerica and Whole Foods filed their letter brief seeking leave to file for summary judgment. (Dkt. No. 201) The remaining defendants filed a similar letter brief on May 15, 2012. (Dkt. No. 212) LBSI filed substantive responses to both of those letters.

- The amended docket control order set a deadline of August 13, 2012 for LBSI's infringement expert report. (Dkt. No. 249) LBSI missed that deadline. Defendants did not receive the report until mid-day on August 14, 2012. In LBSI's infringement report, its expert made no mention of any specific discovery that he still needed to inform his opinions. Particularly telling is that LBSI's infringement report came more than a week after Defendants filed their summary judgment motion – meaning that LBSI was fully aware of Defendants' positions when its expert prepared LBSI's infringement report. LBSI purportedly had the information it needed to make its infringement case – ***in fact, LBSI's counsel spent more than 5 hours reviewing Hotels.com's source code on August 3, 2012***. LBSI knew of Defendant's summary judgment non-infringement positions. And yet now LBSI inexplicably and belatedly claims an "emergency."

- LBSI took the 30(b)(1) and 30(b)(6) depositions of Hotels.com's key technical witness Matt Brown on August 17, 2012. Mr. Brown lives and works in London, England; however, Hotels.com endeavored to and did make him available in the United States. The remaining Hotels.com witnesses LBSI noticed (Jacki Fischer and Victor Young) <u>are not</u> technical witnesses – they were identified as knowledgeable about financial and marketing information. ***Marketing and financial testimony is not in any way needed to be able to substantively respond to Defendants' motion for summary judgment of non-infringement.*** Thus, LBSI's statements suggesting the need for the remaining Hotels.com depositions on page 5 of its emergency motion are irrelevant.

- LBSI waited until late in the afternoon of the day its response to Defendants' summary judgment motion was due – August 20, 2012 – to request an extension from Defendants. Prior to then, LBSI made no mention to any defendant about needing more time. Defendants objected to LBSI's last-ditch request, and LBSI let the deadline lapse.

- 3 -

- LBSI's "emergency" Rule 56(d)-based motion is itself defective because it does not contain the requisite affidavit or declaration presenting essential facts to justify why LBSI cannot substantively respond to Defendant's summary judgment motion. As shown above and for the reasons set forth in Defendants' opposition at Dkt. No. 268, LBSI had more than ample opportunity to conduct discovery in this case, and Hotels.com produced information potentially relevant to any LBSI response (*e.g.*, source code, 30(b)(6) technical testimony, documents). Moreover, LBSI's infringement contentions and expert report and largely built on public information (*e.g.*, website screenshots, publicly available website HTML code). LBSI's self-proclaimed "emergency" is not due to a lack of information. Its motion misrepresents the record and sets forth statements that are irrelevant to the issue of whether LBSI can respond to the issues raised in Defendants' summary judgment motion.

For the foregoing reasons, Hotels.com respectfully requests that the Court deny LBSI's emergency motion, rule that LBSI failed to timely file a response to Defendants' non-infringement summary judgment motion or otherwise seek relief from the Court, and grant Defendants' summary judgment motion.

Dated: August 28, 2012  Respectfully submitted,

By: */s/ Wasif Qureshi*
    Neil J. McNabnay
    Texas Bar No. 24002583
    njm@fr.com
    Taj J. Clayton
    Texas Bar No. 24050427
    clayton@fr.com
    David B. Conrad
    Texas Bar No. 24049042
    conrad@fr.com
    **FISH & RICHARDSON P.C.**
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)

    Wasif Qureshi
    Texas Bar No. 24048155
    qureshi@fr.com
    **FISH & RICHARDSON P.C.**
    1221 McKinney Street, Suite 2800
    Houston, TX 77010
    (713) 654-5300 (Telephone)
    (713) 652-0109 (Facsimile)

    ***ATTORNEYS FOR DEFENDANT HOTELS.COM L.P.***

## CERTIFICATE OF SERVICE

      I hereby certify that on August 28, 2012, all counsel of record who are deemed to have consented to electronic service were served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

                                          */s/ Wasif Qureshi*
                                          Wasif Qureshi