UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LBS Innovations, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>Aaron Brothers Inc., et al.,<br><br>     Defendants. | Civil Action No. 2:11-cv-00142-MHS-CMC |

### THIRD PARTIES GOOGLE INC. AND DR. KEITH UGONE'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER

On November 1, 2012 at 1:27 p.m. PST, Plaintiff LBS Innovations LLC ("LBS") served a Notice & Subpoena Duces Tecum to Keith R. Ugone, Ph.D. demanding that he produce any and all of his expert damages opinions in the unaffiliated case *I/P Engine Inc. v. AOL, et al.,* 2:11-cv-512 (E.D. Va.) ("*I/P Engine* litigation").[1]  (Kammerud Dec., Ex .1.)  The subpoena demanded that the production be completed by 5 p.m. PST, a mere three and a half hours after service.[2]  (Kammerud Dec., Ex. 2.)  The Court's scheduling order explicitly provides that discovery must be completed by November 1.  (Dkt. 301 at 1, 5.)  The last-minute subpoena was not timely served and should be quashed for that reason.

---

[1] Defendants retained Dr. Ugone in this matter as their damages expert.  He also is retained by Defendant Google, Inc. in the *I/P Engine* litigation.  (Kammerud Dec. ¶ 2.)

[2] Pursuant to Dr. Ugone's retention agreement with Google in the *I/P Engine* litigation, all materials prepared by Dr. Ugone during the course of that litigation remained the property of Google.  (Kammerud Dec. ¶ 3.)  Accordingly, Google has standing to file this motion because it has "a personal right or privilege with respect to the subject matter requested in the subpoena." *Bramell v. Aspen Exploration, Inc.*, No. 4:05-CV-384, 2008 WL 4425368, at *1 (E.D. Tex. Sept. 24, 2008).

1

Additionally, Dr. Ugone's expert materials from the *I/P Engine* litigation are wholly irrelevant to this matter. This case and the *I/P Engine* litigation have no overlapping parties, no overlapping counsel, no overlapping patents, and no overlapping technology. Further, the production of Dr. Ugone's expert materials from the unrelated *I/P Engine* litigation would be unduly burdensome. Such production would require Google, a third party, to redact confidential information concerning itself, the four other Defendants in the *I/P Engine* litigation, I/P Engine and its related entities, and additional third parties. Given the irrelevance and burdensomeness of the subpoena, it should be quashed for that reason as well.

Because nothing justifies Plaintiff LBS Innovations serving an untimely subpoena that requests irrelevant and overly burdensome information from a third party, Google and Dr. Ugone request that the Court quash the subpoena and enter a protective order.

**I.     LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 45, a court <u>must</u> quash or modify a subpoena that "fails to allow a reasonable time to comply" or "subjects a person to undue burden." Fed .R. Civ. P. 45(3)(A)(i)&(iv). Additionally, Federal Rule of Civil Procedure 26 allows the Court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such protection includes "forbidding the disclosure or discovery" at issue. Fed. R. Civ. P. 26(c)(1)(A).

**II.    THE SUBPOENA WAS UNTIMELY**

Plaintiff LBS served a Notice & Subpoena Duces Tecum to Dr. Ugone 3.5 hours before the close of expert discovery. (*See* Kammerud Dec., Exs. 1, 2.) The Court's scheduling order explicitly provides that discovery must be <u>completed</u> by November 1. (Dkt. 301 at 1, 5.) Plaintiff undoubtedly knew this was the case as it demanded production of Dr. Ugone's expert

materials concerning damages in a wholly unrelated case within hours of service.[3] Under no standard is three and a half hours a reasonable amount of time to comply with a subpoena – much less one served on a third party.

During the parties' meet and confer conference to try to resolve the untimeliness issue, Plaintiff's counsel maintained that subpoenas must only be <u>served</u> before the close of discovery. (Kammerud Dec. ¶ 4.) Even ignoring the Court's explicit instruction that all discovery must be completed by November 1, 2012, (Dkt. 301 at 5, 1), the argument that discovery does not need to be completed by the close of discovery is nonsensical. If parties could serve discovery requests until the last moments before a discovery deadline, the deadline would lose all meaning as production could continue for an unspecified period in the future without any limitation by the court. *See, e.g.*, *Front-Line Promotions & Mktg., Inc. v. Mayweather Promotions, LLC*, Civil Action No. 08-3208, 2009 WL 928568, at *4 (E.D. La. Apr. 2, 2009) ("The Court first notes that the Scheduling Order expressly indicates that 'all discovery shall be *completed* no later than Tuesday, February 17, 2009.' Completion of discovery means that the responses and any related discovery disputes must be resolved by the deadline as well. . . . Thus, the Defendants were only provided 18 days to submit their discovery responses without running afoul of the discovery deadline-which has since elapsed." Upon this information, the court found an "apparent failure to timely serve the discovery requests.").

Even if the request was timely, which it was not, Plaintiff's 3.5 hour notice for production was unreasonable as more than ten times that amount of time to respond has been found unreasonable. *See Hernandez v. City of Corpus Christi*, Civil Action No. C-10-186, 2011 WL

---

[3] Furthermore, Plaintiff subpoenaed the wrong party. Dr. Ugone's retention letter with Google explicitly provides that materials prepared by Dr. Ugone in connection with his retention in the *I/P Engine* litigation belong to Google. (Kammerud Dec. ¶ 3.) It is now too late to serve the correct party—Google—because discovery has closed.

2194254, at *1 (S.D. Tex June 6, 2011) (finding that allowing only 10 days to comply was unreasonable and quashing subpoena). Moreover, extending the response time does not cure the problem that the subpoena was not timely served. Providing a reasonable amount of time to respond would extend discovery well past the discovery deadline and thus be improper. *See, e.g., Butcher v. Allstate Ins. Co.*, Civil Action No. 1:06cv423-KS-MTP, 2008 WL 4965288, (S.D. Miss. Nov. 18, 2008) ("The subpoenas issued to the Plaintiffs' experts directed a response on October 6, 2008, after the expiration of the discovery deadline. Allstate has failed to establish good cause to enforce the untimely subpoenas issued to Plaintiffs' experts which required responses after the expiration of the discovery deadline.").

Because Plaintiff's subpoena provided an unreasonable amount of time to respond and because providing a reasonable amount of time would force discovery to extend beyond the discovery deadline, Plaintiff's subpoena should be quashed as untimely.

**III.    THE SUBPOENA SHOULD BE QUASHED BECAUSE IT SEEKS IRRELEVANT INFORMATION**

Dr. Ugone's report from the *I/P Engine* litigation is not relevant to the *LBS Innovations* litigation. The two litigations are entirely unrelated. They involve different parties, different counsel, different patents, and different technology. During a November 9, 2012, meet and confer, Plaintiff's counsel admitted to those differences and said that Plaintiff's sole basis for claiming relevance is that Dr. Ugone's report discusses the use of license agreements in calculating a royalty, a topic that relates to the methodology Dr. Ugone used in the *LBS Innovations* litigation. (Kammerud Dec. ¶ 5.) Such a tenuous connection does not meet the standard for relevance under Federal Rule of Civil Procedure 26(b). Further, to allow Plaintiff access to Dr. Ugone's report on that basis would allow unrelated parties in unrelated cases to seek expert damages reports from any prior cases in which the same expert was retained merely

because that expert discussed a similar aspect of damages calculations. Plaintiff's attempt to cure its failure to depose Dr. Ugone in the underlying case, where it could have asked him about his methodology, should not be hoisted onto third party Google through Plaintiff's last minute irrelevant subpoena.

### IV.   COMPLIANCE WITH THE SUBPOENA WOULD BE UNDULY BURDENSOME

Producing Dr. Ugone's report would be unduly burdensome for Google, a third party. The report contains confidential information of multiple parties from the *I/P Engine* litigation as well as confidential information from unrelated third parties. (Kammerud Dec. ¶ 6.) The report is subject to a protective order that would require redacting confidential information before producing it to Plaintiff, and some of the underlying information is subject to separate confidentiality agreements between Google and third parties unrelated to the *I/P Engine* litigation. Coordinating the redactions between so many different parties, especially given that Google and I/P Engine are not parties to this case and do not share any counsel with the parties here, would be extremely burdensome and require significant time and costs. *See Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) ("The status of a witness as a nonparty entitles the witness to consideration regarding expense and inconvenience.") (citations omitted). Furthermore, given the lack of relevance of the report to the case at issue, any burden on Google or Dr. Ugone is by definition undue. *See Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) (holding that when documents are not relevant or necessary to obtain admissible evidence, any burden on the nonparty is by definition undue).

### V.   CONCLUSION

For the foregoing reasons, Google and Dr. Ugone respectfully request that the Court grant their Motion to Quash and to issue a Protective Order so as to prevent Plaintiff from

pursuing the production of Dr. Ugone's expert report or other related materials from the *I/P Engine* litigation.

DATED: November 14, 2012      Respectfully submitted,

By  */s/ David Bilsker*
David Bilsker, CA Bar No. 152383
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700
davidbilsker@quinnemanuel.com

ATTORNEY FOR THIRD PARTY
Google Inc.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served via electronic mail, facsimile transmission and/or first class mail on today's date.

By  */s/ Margaret P. Kammerud*
Margaret P. Kammerud

### CERTIFICATE OF CONFERENCE

I hereby certify that a telephonic meet-and-confer conference took place on November 9, 2012.  Margaret Kammerud and Sarah Agudo participated in the call for third party Google Inc.  Eric Buether and Niky Bukovcan participated in the call for Plaintiff LBS Innovations, LLC.  Jennifer Ainsworth and Ryan Hawkins participated in the call for Defendant Aaron Brothers, Inc.  The issues raised in this motion were discussed on the call.  Counsel for Defendant and Counsel for Google informed Plaintiff's counsel that the subpoena was untimely, unreasonable, irrelevant, and unduly burdensome.  Plaintiff's counsel maintained that the subpoena was timely because it was served before the close of expert discovery.  Google's counsel disagreed.  Plaintiff's counsel stated that the report was relevant solely because it discusses license agreements.  Counsel for Defendant and Google disagreed.  Counsel failed to reach an agreement as to the burden of producing Dr. Ugone's expert materials from the *I/P Engine* litigation.  Thus, the parties are at an impasse.

By  */s/ Margaret P. Kammerud*
Margaret P. Kammerud